LONDON & NORTHWESTERN AMERICAN MORTGAGE Co. (Limited)
*vs.* BRIDGET TRACY *et al.*

Submitted on briefs June 26, 1894. Affirmed July 13, 1894.

No. 8860.

**Facts stated showing right to subrogation.**

A., owning real estate on which there were three mortgages (the third held by T., his mother), applied to B. for a loan of money to be secured by mortgage on the real estate (the money to be used in paying his debts, especially the first two mortgages), and, at the time of applying, repre-

sented to B. that T. had agreed and consented, and authorized A. to so represent to B., to induce him to make the loan, that she would discharge her mortgage, and take a mortgage subordinate to that to be given to B.; and, at the time of making the loan, A. represented to B. that the discharge by T. had been executed, though in fact it had not; and B., believing such representations, and that its mortgage would be prior to any to T., made the loan, paying, with part of the money, at the request of A., the first two mortgages, and they were discharged of record, and took a mortgage on the land for the loan. *Held*, that B. is entitled to have the discharge of the first two mortgages canceled, and to be subrogated to them.

**Foreclosure of the new mortgage does not defeat the right.**

Also, the fact that B., in ignorance that T.'s mortgage had not been discharged of record, had foreclosed its mortgage, bidding in the property, does not defeat that right.

**Foreclosure of the junior mortgage does not.**

Also, the fact that T. had foreclosed her mortgage does not defeat it.

Appeal by defendant, Bridget Tracy, from an order of the District Court of Ramsey County, *John W. Willis*, J., made February 5, 1894, overruling her demurrer to the complaint.

*Joseph Schroll*, for appellant.

Plaintiff's negligence excludes it from obtaining relief. It knew that Bridget Tracy had a mortgage upon this property at the time it made the loan, and the record was also constructive notice of all her rights and equities under it. Against negligence the courts afford no relief. *Geib* v. *Reynolds*, 35 Minn. 331; *Birke* v. *Abbott*, 103 Ind. 1; *Gaskill* v. *Wales*, 36 N. J. Eq. 527.

*James H. Foote*, for respondent, cited *Emmert* v. *Thompson*, 49 Minn. 386; *Backer* v. *Pyne*, 130 Ind. 288; *Levy* v. *Martin*, 48 Wis. 198; *Johnson* v. *Barrett*, 117 Ind. 551; *Spaulding* v. *Harvey*, 129 Ind. 106.

GILFILLAN, C. J. Appeal from an order overruling a demurrer to the complaint. Stating briefly the facts alleged in the complaint, they are:

One Seguin owned certain land, and executed a mortgage thereon to one Cochran. After that he conveyed to Thomas Tracy, subject to the mortgage. Thomas Tracy executed a mortgage to Seguin,

and he assigned to Michaud.   Thomas Tracy then conveyed an undivided half of the land to Lawrence Tracy, subject to the Cochran mortgage.   Thomas and Lawrence Tracy then executed a mortgage to defendant, and Lawrence afterwards conveyed his undivided half to one Emmert.   Before this conveyance, Cochran's mortgage became due, and he was threatening to foreclose.   Thomas and Lawrence applied to plaintiff for the loan of a large sum of money, and stated to it that, unless paid, the Cochran mortgage would be foreclosed, that there was a default on the Seguin mortgage, and, unless paid, it would be foreclosed, and that other creditors were threatening to proceed against them, and that they desired the loan to pay their indebtedness, and particularly those two mortgages, and to avoid foreclosures thereof; and they proposed to secure such loan by mortgage on the above-mentioned real estate owned by them, and they then represented to plaintiff that the defendant their mother had agreed to and would release her mortgage, and accept in lieu thereof a new mortgage, second and subordinate to that given to plaintiff, that defendant, as an inducement to plaintiff to make the loan, had so agreed, and authorized them to so represent to plaintiff.   And when the loan was made they represented that a satisfaction of defendant's mortgage had in fact been executed.   Relying on such representations, the plaintiff made the loan, taking the mortgage on the above-mentioned and other real estate, and with part of the money loaned plaintiff, at the request of Thomas and Lawrence, paid to the holders thereof the amounts due on the Cochran and Seguin mortgages, and the same were thereupon satisfied of record.   Defendant's mortgage was not satisfied of record, but plaintiff did not learn that fact till after it foreclosed its mortgage.   October 18, 1890, plaintiff foreclosed its mortgage under the power contained in it, and the property was bid in by its agent, and the certificate of sale assigned by him to it.   July 30, 1891, defendant foreclosed her mortgage under the power of sale in it, and bid in the property herself.   There has been no redemption from either sale.

The questions of law presented by these facts are, has the plaintiff a right to have the satisfaction of the Cochran and Seguin mortgages canceled, those mortgages reinstated, to be subrogated to them, with the right to foreclose them?

The case differs in several particulars from *Emmert v. Thompson,* 49 Minn. 386, (52 N. W. 31.) In that case the party paying the first mortgage, and taking a mortgage for the money so advanced, never knew, before so paying, of the second mortgage. In this case, plaintiff knew of defendant's mortgage. If that were all, of course the court could not help plaintiff. It would be held to have chosen to take its mortgage on the property, with defendant's mortgage ahead of it. Does the fact of the representation we have stated, made by Thomas and Lawrence to, and relied on by, plaintiff, inducing it to believe that it would get a first lien, bring the case within the principle of the *Emmert Case?* Aside from the effect of defendant's foreclosure, we think it does. A prime consideration in such cases is that the restoration of the discharged lien may be made without putting the holder of the second incumbrance in any worse position than if the prior lien had not been discharged; and, where it was discharged under a mistake of fact of the party paying the money to discharge it, to refuse to restore it for his protection would be permitting the second lien holder to profit at the expense of that party, and from his mistake. And where the mistake was in supposing the second lien to have been discharged, or in justifiably believing that it would be discharged, we do not see that the case is any way different from one where the mistake is as to whether there ever was such second lien. We say, "justifiably believing that it would be discharged;" for if defendant authorized Thomas and Lawrence to represent, and they did represent, to induce plaintiff to pay the prior liens, that she had agreed to and would discharge her lien, so that plaintiff's should be the first lien, it would, so far as she is concerned, be justified in believing and acting on the representation. To permit her to disappoint the expectation thus raised would operate as a fraud.

The plaintiff is entitled to a restoration of and subrogation to the discharged mortgages, unless defendant can claim that her foreclosure has so changed her position that such restoration would prejudice her. The remedy of restoration and consequent subrogation would not be enforced, to the prejudice of an innocent third person. If plaintiff had paid off the two mortgages, and had them discharged, through mistake in no way induced by any act of defendant, her foreclosure would have so changed her position as to defeat

a remedy to plaintiff, because that foreclosure operated to discharge her mortgage debt to the extent (after deducting costs and charges) of her bid, presumably greater than it would have been with the prior two mortgages liens of record.

But, if it be true that she authorized the representation made to plaintiff for the purpose of inducing it to pay the money for the discharge of the two mortgages, we do not think she can, so far as any facts appear from the complaint, interpose the foreclosures to defeat plaintiff.

The question of marshaling securities—the plaintiff having a mortgage on this and other real estate, and the defendant only on this real estate—does not arise on this demurrer; the only question being, do the facts in the complaint show plaintiff entitled to any relief? If the plaintiff be subrogated to the two mortgages, then, when the matter is as to enforcing them, it may be necessary and proper to marshal the securities.

The plaintiff foreclosed its mortgage before it knew that defendant's mortgage was not discharged of record. It may be proper, in the final decree, to set aside that foreclosure, and also, if the defendant ask it, to set aside hers, but neither of them affords a reason for denying relief to plaintiff.

Order affirmed.

Buck, J., absent, sick, took no part.

(Opinion published 59 N. W. 1001.)