WARNE, WILLIS & CO. v. A. W. MORGAN.

**No. 13,464.** ( 75 Pac. 480.)

SYLLABUS BY THE COURT.

MORTGAGE—*Party Paying Held to be Subrogated to Rights of Mortgagee.* Where one loans money which is actually used in paying off a valid encumbrance on property, whether real or personal, exempt or otherwise, with an agreement with the borrower that he shall have a valid mortgage on such property, and a mortgage is given which afterward proves to be void because of defective execution, such mortgagee is entitled, upon application, to be subrogated to the rights of the mortgagee whose mortgage he paid to the amount paid by him for the release.

Error from Greenwood district court ; G. P. AIKMAN, judge. Opinion filed February 6, 1904. Reversed.

*Fuller & Jackson*, for plaintiffs in error.

*Howard J. Hodgson*, and *Lew. E. Clogston*, for defendant in error.

The opinion of the court was delivered by

GREENE, J.:  Warne, Willis & Co. brought this ac-
tion to foreclose a chattel mortgage for $700 on cer-
tain personal property, a portion of which was exempt.
The court rendered judgment against the plaintiffs as
to the exempt property, to reverse which they prose-
cute this proceeding.

It appears from the record that the wife of the
mortgagor did not sign the mortgage sought to be
foreclosed.  At the time this mortgage was given there
was another on the same property, amounting to
$281.20, given by the defendant and his wife to the
Eureka Bank.  It was agreed that the plaintiffs should
have a mortgage on the property mortgaged to the
bank, and for the purpose of having the bank release
its mortgage, and to secure a first mortgage on that
property, the plaintiffs, in payment of $700 to the
defendant, gave him a check for the amount of the
mortgage held by the bank, payable to the Eureka
Bank, which was accepted and the mortgage released.
The balance of the money was paid in cash to the
defendant.

The plaintiffs, by way of amendment to their peti-
tion, set out the above facts and asked that they be
subrogated to the rights of the bank to the amount
paid by them in satisfaction of its mortgage.  The
evidence showed that it was agreed that a part of the
money loaned was to be used in paying the bank's
mortgage on that property, and the money was so
applied.  The only question involved is whether the
plaintiffs are entitled to be subrogated to the rights
of the bank whose valid mortgage they paid.  This
question has been more than once answered in the
affirmative by this court.  (*Yaple v. Stephens*, 36 Kan.

680, 14 Pac. 222; *Crippen v. Chappel*, 35 id. 495, 11 Pac. 453, 57 Am. Rep. 187; *Farm Land Co. v. Elsbree*, 55 id. 562, 40 Pac. 906; *Everston v. Central Bank*, 33 id. 352, 6 Pac. 605; *Zinkeison v. Lewis*, 63 id. 590, 66 Pac. 644.)

For these reasons the judgment of the court is reversed, and the cause remanded for further proceedings.

All the Justices concurring.