## NORTHWESTERN MUTUAL SAVINGS & LOAN ASSOCIATION v. LIZZIE N. WHITE, and John F. White, Intervener.

### (153 N. W. 972.)

The Whites, husband and wife, signed an agreement to separate, and in

Note.—The tendency of modern decisions is to broaden the application of the doctrines of equitable subrogation. The case above is in accord with this trend of

accordance with this agreement the husband tried to convey to the wife property standing in their joint names. This was attempted by both joining in a deed to a son, who in turn executed a deed to the mother. Neither of these deeds was recorded until two years later. In the meantime the wife applied to plaintiff for a loan upon said property in the sum of $10,000 to take care of prior encumbrances to said amount. In her written application she stated that the premises were her homestead, and that she was a married woman. Being unable to obtain the signature of the husband, plaintiff's agent conceived the plan of having the deed to the son recorded and taking the mortgage from him. This was done, but plaintiff demanded that the mother join in the note and ratify the acts of the son as to the mortgage. Plaintiff applied the full amount of the proceeds in liquidating the prior encumbrances (excepting $469.70 paid the wife). The $10,000 mortgage was foreclosed, and plaintiff obtained a sheriff's deed. This action is to quiet title. Defendant and her husband plead the homestead character of the premises, and attempt to set aside the $10,000 mortgage because the husband did not join in its execution. Trial de novo in this court.

**Homestead — mortgage of — husband and wife — action to quiet title — complaint in.**

1. The complaint was in statutory form, alleging ownership, and demanding that defendant set forth her claims of title so that an adjudication might be had. After the trial, at the suggestion of the trial court, an amended complaint was filed setting forth the details above enumerated and asking for an alternative judgment in the case mortgage was declared void, that the prior encumbrances be reinstated, and that plaintiff be subrogated to the interests of the holders thereof. There was no error in allowing this amendment, though it was unnecessary.

**Findings — immaterial — attack.**

2. Appellants attack five findings of fact, but, as stated in the opinion, the same are immaterial to a decision, and therefore not reviewed.

**Defective mortgage — restoration — equity — encumbrances — subrogation to rights — interest — taxes — insurance — expenses.**

3. Under the circumstances of this case, equity will not allow the Whites to receive the property clear of all encumbrance. Conceding the invalidity of the $10,000 mortgage, the prior encumbrances must be restored and plaintiff

---

modern authority. The causes of the differences of opinions manifested by the courts as to the right of one advancing money to pay off a lien or encumbrance upon security which proves defective, to be subrogated to such lien or encumbrance, are discussed, with a review of the authorities, in comprehensive notes in 5 L.R.A.(N.S.) 338; 46 L.R.A.(N.S.) 1049; and 50 L.R.A.(N.S.) 489.

subrogated to the same, and will recover the interest, taxes, insurance, and other expenses incurred by reason of taking the defective mortgage.

Opinion filed July 2, 1915.

Appeal from the District Court, Grand Forks County; *Cooley, J.* Affirmed.

*W. J. Mayer,* for appellants.

In actions of this character, plaintiff is invariably required to establish his title as pleaded. Defendant is not required to set forth his claims to the property until plaintiff shows his right, and his proof and pleading must conform. Merrill v. Dearing, 47 Minn. 137, 49 N. W. 693; Gibson v. Chouteau, 13 Wall. 103, 20 L. ed. 538; Groves v. Marks, 32 Ind. 319; Stuart v. Lowry, 49 Minn. 91, 51 N. W. 662; Dever v. Cornwell, 10 N. D. 123, 86 N. W. 227; McClory v. Ricks, 11 N. D. 38, 88 N. W. 1042.

Plaintiff's complaint is defective in that it does not apprise defendants of its real claim or interest. "Estate or interest" does not mean the same as "lien or encumbrance." McHenry v. Kidder County, 8 N. D. 413, 79 N. W. 875; Power v. Bowdle, 3 N. D. 107, 21 L.R.A. 328, 44 Am. St. Rep. 511, 54 N. W. 404; Hooper v. Henry, 31 Minn. 264, 17 N. W. 476; Buxton v. Sargent, 7 N. D. 503, 75 N. W. 811.

An amendment introducing an entirely new cause of action is never justified. Mares v. Wormington, 8 N. D. 329, 79 N. W. 441; Reeder v. Sayre, 70 N. Y. 190, 26 Am. Rep. 567; Button v. Schuyler's Steam Towboat Line, 40 Hun, 422; Davis v. Iowa State Ins. Co. 67 Iowa, 494, 25 N. W. 745; Bruns v. Schreiber, 48 Minn. 366, 51 N. W. 120; Authorities in 1 Enc. Pl. & Pr. 548, 549.

The rule that pleadings may be amended to conform to proof does not apply when the evidence which it is claimed tends to establish a fact outside the issues was competent and relevant to actual issues in the case, unless such evidence was offered, to the knowledge of both parties, to prove the fact outside the issues. Buxton v. Sargent, 7 N. D. 503, 75 N. W. 811; 1 Enc. Pl. & Pr. 585.

The right to subrogation is not established. If the payment by a third person is voluntary, the debt (and its incidents) is extinguished as to all parties, and there is left neither the right to contribution nor to subrogation. Harvey v. Tama County, 53 Iowa, 228, 5 N. W. 130;

Wilson v. Brown, 13 N. J. Eq. 277; Pelton v. Knapp, 21 Wis. 64; Moran v. Abbey, 63 Cal. 56; Small v. Stagg, 95 Ill. 39; Conkling v. King, 10 N. Y. 440.

When a third party pays for protection, an equitable assignment results in his favor by virtue of the doctrine of subrogation, without the debtor's volition. Mosier's Appeal, 56 Pa. 76, 93 Am. Dec. 783; Cockrum v. West, 122 Ind. 372, 23 N. E. 140; Arnold v. Green, 116 N. Y. 566, 23 N. E. 1; Atlantic Ins. Co. v. Storrow, 5 Paige, 285; Weiss v. Guerineau, 109 Ind. 438, 9 N. E. 399; Wormer v. Waterloo Agri. Works, 62 Iowa, 699, 14 N. W. 331; Curry v. Curry, 87 Ky. 667, 12 Am. St. Rep. 504, 9 S. W. 831.

"If the payment is in the first instance at the request of the debtor, the law will imply a promise for reimbursement. 22 Am. & Eng. Enc. Law, 537.

Where one who has no interest to protect pays the debt of another or advances money for that purpose, and seeks to succeed to the rights of the creditor, there must be a convention or agreement to that effect. Subrogation must take place at time of payment. 27 Am. & Eng. Enc. Law, 250; Sewall v. Howard, 15 La. Ann. 400; Harrison v. Bisland, 5 Rob. (La.) 204; Gernon v. McCan, 23 La. Ann. 84; New Hampshire Sav. Bank v. Colcord, 15 N. H. 119, 41 Am. Dec. 685; Sandford v. McLean, 3 Paige, 122, 23 Am. Dec. 773.

To entitle a third party, being merely a volunteer or stranger, to subrogation, the payment must be made upon an express agreement entered into at the time of payment. Swan v. Patterson, 7 Md. 164; Brice v. Watkins, 30 La. Ann. 21; Bank of United States v. Winston, 2 Brock. 254, Fed. Cas. No. 944; Virgin's Succession, 18 La. Ann. 42; Burr v. Smith, 21 Barb. 262; Mosier's Appeal, 56 Pa. 76, 93 Am. Dec. 783; Dillon v. Kauffman, 58 Tex. 696; Clark v. Moore, 76 Va. 262; National Bank v. Cushing, 53 Vt. 326; King v. Dwight, 3 Rob. (La.) 2; Baltimore v. Hughes, 1 Gill & J. 480, 19 Am. Dec. 243: Oury v. Saunders, 77 Tex. 278, 13 S. W. 1030; Dillon v. Kauffman, 58 Tex. 696; Flanagan v. Cushman, 48 Tex. 241; Fievel v. Zuber, 67 Tex. 275, 3 S. W. 273; Fuller v. Hollis, 57 Ala. 435; Owen v. Cook, 3 Tenn. Ch. 78; Mitchell v. Butt, 45 Ga. 162; New Jersey Midland R. Co. v. Wortendyke, 27 N. J. Eq. 658; Morgan v. Hammett, 23 Wis. 30; Caudle v. Murphy, 89 Ill. 352; Shreve v. Hankinson, 34 N. J.

Eq. 81; Sandford v. McLean, 3 Paige, 117, 23 Am. Dec. 773; Shinn v. Budd, 14 N. J. Eq. 234; Dorrah v. Hill, 73 Miss. 787, 32 L.R.A. 631, 19 So. 961; Meeker v. Larsen, 65 Neb. 158, 57 L.R.A. 901, 90 N. W. 958; Henry v. Henry, 73 Neb. 746, 103 N. W. 441, 107 N. W. 789; Bible v. Wisecarver, — Tenn. —, 50 S. W. 670; Brown v. Rouse, 125 Cal. 645, 58 Pac. 267; Campbell v. Foster Home Asso. 163 Pa. 609, 26 L.R.A. 117, 43 Am. St. Rep. 818, 30 Atl. 222; McCleary's Appeal, 9 Sadler (Pa.) 271, 20 W. N. C. 547, 12 Atl. 158; Bradshaw v. Van Valkenburg, 97 Tenn. 316, 37 S. W. 88; Doxey v. Western State Bank, 113 Ill. App. 442; Norris v. Woods, 89 Va. 873, 17 S. E. 552; Herr v. Denver Mill & Mercantile Co. 13 Colo. 406, 6 L.R.A. 641, 22 Pac. 770; Berry v. Bullock, 81 Miss. 463, 33 So. 410; Howell v. Bush, 54 Miss. 437.

When the right of subrogation is dependent upon fraud or mutual mistake, it is obvious that these prerequisites to the court's jurisdiction must be first pleaded and proved. To constitute fraud or deceit, there must be first a false representation or act. 14 Am. & Eng. Enc. Law, 2d ed. 33.

A mistake of law occurs when a party having full knowledge of the facts comes to an erroneous conclusion as to the legal effect. "Courts of equity do not sit to reverse or correct errors and mistakes of law, and cannot attempt to prevent or redress all wrongs." 20 Am. & Eng. Enc. Law, 807; Frost v. Flick, 1 Dak. 131, 46 N. W. 508.

A mortgage cannot be created in this state by an estoppel. A mortgage on real property can be created, renewed, or extended only by a writing executed with the formalities in the case of a grant of real property. Rev. Codes 1905, §§ 4951, 4968, 4973, 6149, Comp. Laws, 1913, §§ 5494, 5511, 5516, 6725.

An estoppel against the legal title to land will never lie unless actual fraud is shown, causing the other party to be deceived to his injury. Pom. Eq. Jur. 3d ed. 807.

The question of ratification is not here involved; nor are the principles of agency. Rev. Codes, 1905, § 5751, Comp. Laws, 1913, § 6319; 1 Am. & Eng. Enc. Law, 1035.

The land involved is the homestead not only of the defendant, but of defendant intervener and the minor children. "The husband may have a homestead right in property owned by the wife." Bremseth

v. Olson, 16 N. D. 242, 13 L.R.A.(N.S.) 170, 112 N. W. 1056, 14 Ann. Cas. 1155.

The homestead is for the benefit of the family, and the head of the family is merely the representative or agent of the family.   Dieter v. Fraine, 20 N. D. 484, 128 N. W. 684.

No claim for the homestead is necessary; it is absolutely exempt. Ibid.; Rev. Codes 1905, § 5052, Comp. Laws 1913, § 5608; Severt-son v. Peoples, 28 N. D. 372, 148 N. W. 1054.

*Scott Rex* and *Spalding & Shure,* for respondent.

A statutory action to determine adverse claims may be either legal or equitable according as the issues are framed and as the proof may develop.   Bausman v. Faue, 45 Minn. 416, 48 N. W. 13.

The amended complaint was, perhaps, unnecessary.   In any event, its interposition upon the suggestion of the trial court was entirely without prejudice.   Under our statute, no reply is permissible in a statutory action to determine adverse claims.   "The statute dispenses with the necessity of framing issues by a proper pleading, as in other actions, and requires the court to determine the validity, superiority, and priority of the claims set up without a pleading asserting their validity." Spencer v. Beiseker, 15 N. D. 140, 107 N. W. 189.

There was no abuse of discretion in allowing the amended complaint. Finlayson v. Peterson, 11 N. D. 45, 89 N. W. 855; Anderson v. First Nat. Bank, 5 N. D. 80, 64 N. W. 114; Martin v. Luger Furniture Co. 8 N. D. 220, 77 N. W. 1003.

The mortgage in suit was a valid lien on the property.   It is conceded that its foreclosure was regular.   Therefore, the plaintiff is the owner of the property.   The defendant is estopped by contract to deny the mortgage.

Where parties in making a contract agree upon or assume the existence of a particular fact as the basis of their negotiations, they are estopped to deny the fact so long as the contract stands.   16 Cyc. 719.

Where one having the right to accept or reject a transaction takes and retains the benefits thereunder, he becomes bound by the transaction, and cannot avoid its obligations or effect by taking a position inconsistent therewith.   Ford v. Ford, 24 S. D. 644, 124 N. W. 1108.

The mortgage in suit is a valid lien, notwithstanding the claimed homestead character of the property, and may be enforced by a sale

31 N. D.—23.

of the entire mortgaged property, the lien of the mortgage attaching only to the excess of the proceeds of sale, over and above the $5,000, homestead exemption value limit. Such a mortgage attaches to the excess, whether it be in area or in value. Scott v. Keeth, 152 Mich. 547, 116 N. W. 183; Tibbetts v. Terrill, 44 Colo. 94, 96 Pac. 978; Jones v. Losekamp, 19 Wyo. 83, 114 Pac. 673; 21 Cyc. 551; Wilson v. Wilson, 85 Neb. 167, 122 N. W. 856; Barrows v. Barrows, 138 Ill. 649, 28 N. E. 983; McClendon v. Equitable Mortg. Co. 122 Ala. 384, 25 So. 30; 15 Am. & Eng. Enc. Law, 677–684; Severtson v. Peoples, 28 N. D. 372, 148 N. W. 1054.

No homestead rights are involved in this action. There was a settlement and agreement of separation. White, Sr., relinquished all homestead right by their agreement of settlement and separation, and such agreement is still in force. Such agreements are valid in this state. Rev. Codes 1905, § 4081, Comp. Laws 1913, § 4413; Holcomb v. Holcomb, 18 N. D. 561, 120 N. W. 547, 21 Ann. Cas. 1145.

So far as property interests are concerned, such an agreement has the same effect as a divorce which is accompanied by a division of the property. Re Winslow, 121 Cal. 92, 53 Pac. 362; Re Davis, 106 Cal. 453, 39 Pac. 756; Wickersham v. Comerford, 96 Cal. 433, 31 Pac. 358; Re Yoell, 164 Cal. 540, 129 Pac. 1002; Jordon v. Clark, 86 Kan. 509, 121 Pac. 345.

The foreclosure of the mortgage by advertisement, when it matured by the lapse of time and the execution and delivery of sheriff's deed, cut off all claim of homestead, if such right ever before existed.

The sheriff's deed has the same force and effect as though issued in foreclosure by action. Rev. Codes 1905, § 7467, Comp. Laws 1913, § 8087; Grove v. Great Northern Loan Co. 17 N. D. 352, 138 Am. St. Rep. 707, 116 N. W. 345; Rev. Codes 1899, § 5856; Bailey v. Hendrickson, 25 N. D. 500, 143 N. W. 134, Ann. Cas. 1915C, 739.

When a regular sale is made under a power of sale contained in the instrument, not only the mortgagor, but all persons claiming any interest in the equity of redemption by privity of estate with him, are considered as parties to the proceeding, and are precluded by it as fully as if they had been made parties defendant by regular subpœna in an ordinary foreclosure suit. Aiken v. Bridgeford, 84 Ala. 295, 4 So. 266.

Where such a sale is made as prescribed by statute, all questions which would have been determinable in an equitable action to foreclose a mortgage will be settled by such sale. 1 Wiltsie, Mortg. § 812, p. 912; Warner v. Blakeman, 36 Barb. 501; Foogman v. Patterson, 9 N. D. 254, 83 N. W. 15; Curtis v. D. M. Osborne & Co. 63 Neb. 837, 89 N. W. 420; Dodd v. Scott, 81 Iowa, 319, 10 L.R.A. 360, 25 Am. St. Rep. 492, 46 N. W. 1057; 21 Cyc. 619; Eversole v. First Nat. Bank, 136 Ky. 362, 124 S. W. 360; Blair v. Guaranty Sav. Loan & Invest. Co. 54 Tex. Civ. App. 443, 118 S. W. 608; Fruge v. Fulton, 120 La. 750, 45 So. 595; Brownell v. Stoddard, 42 Neb. 177, 60 N. W. 380; Miller v. Sherry, 2 Wall. 237, 17 L. ed. 827; Thompson, Homestead & Exemption, § 827.

Both under the statute and under the general equity doctrine of subrogation, plaintiff is entitled to have these prior claims reinstated and to be subrogated thereto. This is but just relief. The right of subrogation does not necessarily rest upon contract or privity, but upon principles of natural equity, and does not depend upon the act of the creditor, but may be independent of him and also of the debtor. Rev. Codes 1905, §§ 6126, 6142, Comp. Laws 1913, §§ 6702, 6718; Home Invest. Co. v. Clarson, 15 S. D. 513, 90 N. W. 153; Baker v. Baker, 2 S. D. 261, 49 N. W. 1064; Ebert v. Gerding, 116 Ill. 224, 5 N. E. 591; Pom. Eq. Jur. §§ 1211 et seq.; Elliott v. Tainter, 88 Minn. 377, 93 N. W. 124; 37 Cyc. 462; Emmert v. Thompson, 49 Minn. 386, 32 Am. St. Rep. 566, 52 N. W. 31; London & N. W. A. Mortg. Co. v. Tracy, 58 Minn. 201, 59 N. W. 1001; Heisler v. C. Aultman & Co. 56 Minn. 454, 45 Am. St. Rep. 486, 57 N. W. 1053; Warne v. Morgan, 68 Kan. 450, 75 Pac. 480; Scriven v. Hursh, 68 Mich. 176, 36 N. W. 54; Gordon v. Stewart, 4 Neb. (Unof.) 852, 96 N. W. 624.

BURKE, J. Action to quiet title. Plaintiff had judgment. Defendant and respondent appeal, demanding a trial *de novo.* The facts leading up to this litigation, either undisputed or decided by us, are as follows: "The intervener, John F. White, and his wife, Lizzie N. White, the defendant, were the owners in 1907 of a hotel building in the city of Grand Forks, title standing in the name of both. Owing to some domestic trouble an agreement was entered into between the two

on April 15, 1907, whereby it was agreed that the parties separate as husband and wife, and live apart and separately from and after that date; that in consideration of the separation the husband should deed, by proper conveyances, all his right, title, and interest in and to any real estate which he held in his own name or in the joint name of the spouses. He also agreed to transfer and set over to his wife, all his right, title, and interest in any personal property located in said hotel. The wife, upon her part, agreed to maintain and support herself and the children, eight in number, the youngest being five months old; to pay all outstanding debts against said property, and to relieve the husband from any liability in connection with her support or the support of the children in the future. In pursuance of this agreement, the husband left Grand Forks and worked upon farms in Montana and near Argusville, North Dakota, and Dilworth, Minnesota. He testifies that he then returned to his home at Grand Forks, remaining about a year and a half and going in 1911 to Canada, where he worked as bridge carpenter for eight or ten months, returning to Grand Forks about a month before the trial. He testifies that since that time he has been living at home with his family. This testimony is corroborated by the wife. At the time of the separation agreement, and in compliance therewith, an attempt was made by the husband to transfer the property which stood in their joint names, to the wife, and upon the advice of an attorney both joined in a deed of the said property to the oldest son, John F. White, Jr., who lived in Pennsylvania, and a deed from the son was executed in favor of the mother. Such deeds were, however, not recorded until 1909, as will be hereinafter shown. At the time of the said transfer there were due and unpaid upon said premises mortgages and liens which in 1909 approximated $9,500. In 1909 the wife applied to the plaintiff Savings & Loan Company for a loan of $10,000, to take care of said encumbrances. This application was in writing, duly verified by her, and among other things stated that she was married; that her husband's name was John F. White; that the property belonged to her and that it was a homestead. Although there is some conflict in the testimony, it seems plain to us that this application was first signed only by the wife and submitted to the plaintiff. Being unable to obtain the signature of the husband as it seems to us, plaintiff's agent, O. M. Hatcher, conceived

the idea of filing for record the deed to the son; have the mortgage executed by the son, and then file the deed from the son to the mother. At all events, the son signed the application for loan below the mother's signature and executed the mortgage. Upon this state of the record the loan company, however, demanded that the mother sign the mortgage note and ratify in writing the son's acts. The proceeds of the loan to the amount of $9,500 were disbursed by plaintiff in paying the prior encumbrances upon the property; the balance, less expense, was paid to Mrs. White, she receiving a check for $469.70. The $10,000 mortgage given under those circumstances was later foreclosed by advertisement and went to sheriff's deed. The defendant, however, refused to vacate the premises, and this action to quiet title followed. The original complaint was in statutory form, alleging that plaintiff is the owner of the property and asking for possession and for the value of its use and occupation. This action was instituted against Mrs. White only, who answered alleging title in herself, claiming that the mortgage was void because the premises were their homestead. The father also intervened with a similar defense. Plaintiff replied to both by general denials. The case was tried in October, 1913, and taken under advisement. In December, two months later, plaintiff applied for leave to file an amended complaint, which was allowed, and there was thereupon filed a complaint in two parts,—the first being a repetition of the original complaint, and the second setting forth in detail all the facts in relation to the state of the title which we have already enumerated, and the prayer for judgment was in the alternative. First, that the plaintiff be decreed the owner of the property; second, that in the event the foreclosure be held invalid, that the mortgage be declared a valid lien; and third, in event the mortgage be also held invalid that the prior encumbrances and liens against the premises be reinstated and plaintiff subrogated to the rights of the original holders thereof. Defendant and intervener answered said amended complaint in substantially the same form as the original pleadings. The trial court made findings of fact and conclusions of law to the general effect that the $10,000 mortgage was void because the premises were a homestead and the husband had not joined in the mortgage; the prior liens and encumbrances, however, were reinstated, and plaintiff was

subrogated to the interest of the original holders; defendant and intervener filed one brief and state their contentions as follows:

"Appellants' contention is, first, that the court erred in allowing an amendment to the complaint after the case had been submitted; second, that the evidence is insufficient to support several findings of fact made by the lower court; third, that the conclusion that plaintiff should be subrogated to the several liens that had been canceled by payment is erroneous."

We will not consider the question of the validity of the $10,000 mortgage, because plaintiff has not appealed, but will devote ourselves to the question of the correctness of the trial court's judgment as entered. That the mortgage as originally given was void is not, however, conceded by the respondent, but there is material evidence to support the trial court's conclusion. The application originally taken from the wife and submitted to plaintiff contains a positive statement that the premises were hers; that she was a married woman residing thereon; and that the same was her homestead. Notwithstanding the agreement to separate, there is also ample evidence that the husband returned and resided upon the premises as the head of the family, and there is no dispute that the same have been used ever since by the wife and her children. There is also reason to believe the mortgage given by the son a subterfuge adopted by plaintiff's agent in an attempt to avoid the homestead feature after the father had refused to sign the papers. With this preliminary statement, we proceed to the questions which we believe are before us.

(1) Appellant insists that it was error to allow the filing of the amended complaint. This question has been fully discussed in the cases of Holler v. Amodt, ante, 11, 153 N. W. 465, and Sheimo v. Norqual, ante, 343, 153 N. W. 470, decided within a few days by this court. Also, Finlayson v. Peterson, 11 N. D. 45, 89 N. W. 855; Anderson v. First Nat. Bank, 5 N. D. 80, 64 N. W. 114; 6 N. D. 497, 72 N. W. 916; Martin v. Luger Furniture Co. 8 N. D. 220, 77 N. W. 1003, and other cases cited in Holler v. Amodt, supra. Section 7482, Comp. Laws 1913, reads: "The court may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party; or by correcting a mistake in

the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved." As stated in the prior decision of the court herein mentioned, an amendment should be allowed if in the interests of justice, and it does not change substantially the claim or defense. Applying the law to the facts before us, we note that this is an action to quiet title. That practically all that is necessary for the plaintiff's pleadings is to allege ownership, and demand that the defendants set forth their claim so that the title may be determined. The difference in the first and second complaint is, to our mind, largely one of detail. The original complaint demanded such other and further relief as to the court might seem just. Defendant and intervener were also offered all the additional time necessary to meet the issue after the filing of amended complaint. We do not believe there was any substantial difference in the pleadings, and there was, therefore, no error in allowing the amended complaint to be filed.

(2) Under this heading appellant attacks certain findings of fact, five in number, which he claims are not supported by the evidence.

The first three findings challenged relate to the so-called separation and abandonment of the homestead by the husband. The trial court held that the separation agreement had been duly entered into and executed, and that the husband had abandoned the homestead. There is evidence to support those findings, but whether they are correct or not is not material, in view of the conclusion of the trial court, which has been adopted by us, that the mortgage was void. We will not further discuss the proposition. The fourth and fifth findings challenged by appellant relate to fraudulent representations made by Mrs. White to the plaintiff loan company. Upon this point the evidence is conflicting, but we are satisfied that plaintiff's agent, Hatcher, knew all of the facts and circumstances surrounding the title to the property. We do not, however, believe the findings material. If plaintiff's right to be subrogated to the rights of the lienors and mortgagors whose claims it paid out of the proceeds of the loan, depended upon bad faith upon Mrs. White's part, there might be some grounds for complaint. However, a mutual mistake made by plaintiff and Mrs. White furnishes as much reason for subrogation as misrepresentations

by her. The matter of subrogation will be treated further in the next paragraph.

(3) The third and last attack upon the judgment challenges plaintiff's right to be subrogated to the canceled mortgages and liens. Plaintiff insists, first, that the payment by plaintiff of the prior encumbrance was purely voluntary; second, it is made by a party under no obligation at law to make the payment; third, that the debt being paid at debtor's request only is extinguished; fourth, that there was no agreement that the earlier debts be kept alive. All of those abstract propositions are supported by citations of authority, but we do not believe those principles apply to the case at bar. Subrogation is a branch of equity and is governed by the doctrines thereof. The facts in each case should be searched to determine the rights of the parties and to settle their disputes as fairly and justly as human reason can devise. In the case at bar we have property lawfully mortgaged and encumbered with liens upon which foreclosures are threatened. The husband had attempted to devest himself of title thereto, and for more than a year and a half had absented himself from home. The wife applies to plaintiff for a new lien to take up the outstanding indebtedness. Owing to the confusion in the title, it is deemed advisable to have the mortgage executed by the son. The money was actually disbursed and the property saved from its threatened danger in the utmost good faith upon the part of plaintiff. If we concede that the new mortgage was void because of the lack of the father's signature, yet good conscience requires that plaintiff be reimbursed for the money used by them in good faith to save the property. The intervener, Mr. White, should not be heard to question this simple act of justice. He executed a separation agreement with his wife, deeded the property to her, left her temporarily at least, and did nothing to prevent the loss of the property upon foreclosure. It is unthinkable that a court of equity should hear him complain, when plaintiff is to be reimbursed from the property which it has saved. Plaintiff was not an intermeddler, stranger, or volunteer in the transaction. Its conduct from beginning to end is above criticism. It was invited by defendant to save her property. At 37 Cyc. 363, it is said: "Subrogation is the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised, succeeds to the right of the creditor in relation to the debt. The doctrine is one of equity and benevolence, and, like contribution and other similar

equitable rights, was adopted from the civil law, and its basis is the doing of complete, essential, and perfect justice between all the parties without regard to form, and its object is the prevention of injustice. The right does not necessarily rest on contract or privity, but upon principles of natural equity, and does not depend upon the act of the creditor, but may be independent of him and also of the debtor." And at page 462 of the same volume, it is said: "Where an invalid or defective mortgage is given to secure an advancement of money made for the express purpose of paying off a prior encumbrance, the mortgagee in the defective mortgage will be subrogated to the lien of the encumbrance so discharged in the absence of intervening encumbrances." See Elliott v. Tainter, 88 Minn. 377, 93 N. W. 124; Emmert v. Thompson, 49 Minn. 386, 32 Am. St. Rep. 566, 52 N. W. 31; London & N. W. A. Mortg. Co. v. Tracy, 58 Minn. 201, 59 N. W. 1001; Warne v. Morgan, 68 Kan. 450, 75 Pac. 480; Scriven v. Hursh, 39 Mich. 98, 68 Mich. 176, 36 N. W. 54; Gordon v. Stewart, 4 Neb. (Unof.) 852, 96 N. W. 624; 3 Cook, Corp. 6th ed. § 850; Title Guarantee & T. Co. v. Haven, 196 N. Y. 487, 25 L.R.A.(N.S.) 1308, 89 N. E. 1082, 1085; 17 Ann. Cas. 1131.

See also the late case of Beyer v. Investors' Syndicate, ante, 247, 153 N. W. 476. We fully agree with the conclusions of the trial court that plaintiff should be subrogated to all those encumbrances which he has paid, and in addition should be allowed payments made for taxes and insurance upon the premises, and other expenses in connection with the $10,000 loan. To this end, the trial court should make an accounting and determine the amount due to plaintiff and allow further proceedings not inconsistent with this opinion. Respondent will recover his costs in this appeal. Judgment affirmed.