**Walter CAVELL, Appellant,**

**v.**

**2300 RESTAURANT, Inc., Appellee.**

**No. 2032.**

Municipal Court of Appeals for the District of Columbia.

Argued July 29, 1957.

Decided Sept. 20, 1957.

---

H. Nathaniel Blaustein, Washington, D. C., for appellant.

John T. Reges, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

QUINN, Associate Judge.

Appellant was the owner of a restaurant business which he sold to appellee. Prior to the sale appellant had purchased certain fixtures for his restaurant, for which he executed a note payable to Abram E. Stern Company. Subsequently suit was initiated on the note against appellant by the Stern Equipment Company. Appellant claimed that appellee had agreed to assume his obligation on the note in return for a reduction on the purchase price of the restaurant business and accordingly filed a third-party complaint against appellee, to which the Stern Equipment Company consented. The pretrial judge entered judgment on the pleadings in favor of Stern Equipment Company against appellant for the amount of the note, and the case went to trial on certain fact issues between appellant and appellee.

In the course of the trial the judge noticed a discrepancy between the name of the payee on the note and that of the plaintiff in the original action. Appellant contended that each name represented a separate corporate entity but that both were controlled by the same person, and that the Abram E. Stern Company had assigned its rights under the note to the Stern Equipment Company. He moved to amend his pleadings so as to reflect this claim and offered to produce evidence to support it. The judge refused to permit the amendment, and directed a verdict for appellee on the ground, as the docket entry recites, that

"* * * the Third Party Complaint is based upon a liability of the Third Party Plaintiff arising from a Judgment in favor of the Stern Equipment Co.

"Whereas, the evidence shows that the liability of the Third Party Plaintiff is to the Abram E. Stern Co. * * *."

Appellant did not appeal this judgment. Instead he filed another complaint alleging either that appellee owed him a certain amount on the purchase price of the restaurant, or, in the alternative, that it had refused to pay the indebtedness due from him to the Abram E. Stern Company which it had agreed to assume. He claimed further that the Stern Equipment Company, as assignee of the Abram E. Stern Company, had obtained a judgment against him for this indebtedness, which appellee had refused to pay. Appellee moved for summary judgment on the ground that the judgment in the prior action was *res judicata*. The motion was granted and this appeal followed.

The general rule is that only a judgment which adjudicates the merits of a controversy can operate as a bar to any subsequent suit. An action which is terminated because of a technical defect does not foreclose further litigation once that defect is removed.[1] The present suit is based on the same claim of indebtedness as the prior one; however, it is apparent that the former one did not adjudicate the merits, but was decided on the basis of a variance between the pleadings and the proof. Consequently the original action was not *res judicata* of the instant one, and it was error to grant appellee's motion for summary judgment.

Reversed.

---

1. Swift v. McPherson, 1914, 232 U.S. 51, 34 S.Ct. 239, 58 L.Ed. 499.