[File No. 6854]

IN THE MATTER OF THE ESTATE OF FRANK NOVAK, Deceased,

LUDMILA NOVAK, Appellant, v. ROBERT NOVAK, EMILIE LANE, HENRY NOVAK, and FRANKLIN D. TONNE as Executor of the Last Will, Testament, and Estate of the above named Frank Novak, Respondents, Robert Novak, Emilie Lane, Henry Novak, Appellants.

(11 NW(2d) 64)

Opinion filed September 17, 1943

*Jos. G. Forbes* and *Vernon D. Forbes,* for appellants.

*Vernon M. Johnson* and *Patrick T. Milloy,* for respondent Tonne.

BURR, J. Frank Novak died testate August 23, 1915. The will was executed June 15, 1915. After making provision for funeral expenses and debts the will provides:

"I give, devise, and bequeath unto my dearly beloved wife my entire lands, farm machinery, horses, cattle, and all from (form) of personal property that I may die possessed of, of what ever nature and description, until my youngest child have reached the age of twenty four (24) years. Be it known further, that it is my will that when my youngest child shall have reached the age of twenty four (24) years, it is my will that my dearly beloved wife shall have a complete, sole and undivided interest in the land described as the East half (E$\frac{1}{2}$) of the Northwest quarter (NW$\frac{1}{4}$) of Section eight (8) –134–48, which is the land upon which I now reside. My wife at that time, when my youngest child shall have reached the age of twenty four years, shall have the right and power to give and set over an undivided interest, title and possession, to one of my sons then living the West half of the Northwest quarter of Section eight (8) 134–48, and it is my will that who ever becomes the owner, of my sons, of the West half of N.W. 8–134–48,

shall give to the surviving son the sum of Fifteen hundred dollars ($1500.00) in cash on the first day of November following the day of such transfer by my wife then surviving, and who ever becomes the owner of said $W\frac{1}{2}$ of $NW\frac{1}{4}$ 8–134–48 shall also give on the same date under the same condition to my surviving daughter or daughters the sum of $500.00, and it is my will further that whoever becomes the owner and in possession of the $W\frac{1}{4}$ of $NW\frac{1}{4}$ of Sec. 8–134–48 shall give and pay unto my dearly beloved wife an annuity of $150.00 (to be paid yearly) during her life time and that such annuity of $150.00 per annum shall be paid unto my wife on or before November first of each year.

"It is my will that in case any of my children shall die before my death or prior to my decease then will is that the provision stated in the above and foregoing paragraph shall be void in so far as it relates to the deceased child.

"It is my will further that in case my dearly beloved wife shall die prior to the taking effect of this my last will then and in that case all of my property of what so ever nature and description both real and personal property, shall be divided equally between my surviving children."

By the will, Franklin D. Tonne was nominated executor and he qualified October 5, 1915. The estate consisted of this real estate described in the will, being the only real estate that is listed in the inventory; to wit, the northwest quarter section 8–134–48. This real property was appraised in the sum of $9,600.00 and out of this property was claimed the east half of the quarter as a homestead and valued at $5,000.00. In addition, there was personal property appraised at $1,045.00.

On October 19, 1925, the County Judge cited the executor "to make a report of all his proceedings . . . and . . . show cause why the property of the estate should not be sold to pay the debts . . .". This proceeding was initiated by the receiver of the First National Bank of Abercrombie. The record does not show any disposition of the matter. In December, 1935, the executor filed a petition for license to mortgage real estate, the petition was granted, and in January, 1936, approval of the execution of the mortgage was entered.

No annual report was filed until after Ludmila Novak, the widow,

petitioned the county court on December 15, 1941, demanding the executor be required:

"to . . . furnish . . . a final report . . . and that, in case said estate can not be settled and closed . . . Franklin D. Tonne be discharged . . . and that your petitioner may be . . . appointed as Administratrix, etc."

On December 27, 1941, the executor filed "a final report and account," in which he asked the estate be closed, he be paid his fees, the property be distributed, and he be discharged. In this report he alleged, among other things, that the services he rendered as executor were of the "reasonable value of Three Hundred Fifty Dollars ($350.-00), that, . . . your petitioner has never received any compensation for his services rendered said estate."

At the hearing in the county court on January 2, 1942, objection was made to the allowance of compensation "on the ground that said Executor has been and is guilty of willful default and gross negligence in discharge of his duties as such executor . . . is not entitled to any fee or commission whatever."

The county court, in its "Order Allowing Final Report and Account," states, "It was stipulated and agreed . . . that the sole and only action for decision is the amount of fees and commissions to which said Executor is entitled to charge against and receive from said estate" and further found: "that said Executor has been guilty of default and neglect . . . he has never furnished or filed herein any report . . . as such Executor; that, though requested so to do, he has . . . refused to . . . file herein any Final Report or Account as required by law; that he carelessly and negligently failed to have the inheritance tax against said estate, if any, determined as required by law; and that he has otherwise failed and neglected to discharge his official duties as such Executor in connection with said estate, but that such defaults and negligence were not willful and that he is entitled to fees and commissions herein in the sum of $30.00 to be paid to him out of the property of the said estate . . . the said fees and commissions *are allowed and based on the inventory,* herein."

The court "further found and ordered . . . that said estate is ready for settlement and distribution and that both the petitioner and

said Executor have petitioned the court for such settlement and distribution."

Upon these findings, the court ordered the executor "discharged and removed," the residue of the estate given to the widow upon her paying the commission allowed, and upon the "filing herein of the determination of the inheritance tax, if any . . . and subject to the mortgage" upon the real estate. The court further ordered that upon the payment of the commission and upon the determination of the inheritance tax and the payment thereof, "Final Decree of Distribution shall be forthwith entered herein assigning, distributing, and decreeing the residue of said estate to said petitioner."

Under the terms of the will and under the construction which clearly was approved by Ludmila Novak and all of the children, no one had any interest in the estate other than Ludmila Novak, the mother.

None of the appellants here has challenged the findings of the county court that the only issue was the amount of fees; and that upon the report of the executor the estate was ready for settlement and distribution.

The executor immediately appealed to the district court setting forth:

"that said appeal is taken on a question of law, namely, that the Court erred in making the finding and ordering 'that he (the executor) is entitled to fees and commissions herein in the sum of $30.00 to be paid to him out of the property of said estate or by the devisees, legatees, and heirs at law of said decedent; that said fees and commissions are allowed and based on the inventory, herein,' that said appeal will be brought on for trial . . . on the 16th day of February, 1942. . . ."

In serving this notice of appeal, the executor failed to furnish a bond or undertaking on the appeal, and on February 16, 1942, the widow moved to dismiss the appeal on that ground.

The hearing on appeal had been continued until March 3, and on that day the executor moved the court to remand the record to the county court "in order that a sufficient bond on appeal may there be approved and filed and that the county court may in its discretion extend the time for prefecting the service herein." On March 6, 1942,

the district court granted the motion over the objection of appellants here. The executor appeared in the county court and over the objection of the widow was given thirty days from March 7, 1942, to perfect the appeal. This court ordered that the executor file an undertaking conditioned that the executor would pay all costs awarded against him in the district court not to exceed the sum of One Hundred Fifty Dollars.

The executor furnished this undertaking and it was approved by the county court on March 25, 1942. Thereupon the executor issued a new notice of appeal which specifies "that this appeal is taken on a question of law," following the statement in the first notice of appeal.

The district court, over the objection of Ludmila Novak, made findings setting forth that the executor had for a number of years immediately following the death of Frank Novak performed services on behalf of the estate, had redeemed the real property from sheriff's sale, to do this had hypothecated his own personal securities, and though negligent in the matter of making reports, "he did make accountings from time to time to the widow of the deceased. There is no evidence to show that the net proceeds from the land were not properly used." The court also found that while the activities of the executor to a certain extent may have been prompted because of the debt of the decedent to the First National Bank of Abercrombie of which bank the executor was an officer, "the preserving of the real property of the estate was of value to the widow and children of the deceased."

The court found, "that the Executor's fees shall be based upon the appraised value of the real property of $9600.00. That based upon said appraised valuation the Executor, Franklin D. Tonne, shall be allowed a total executor's fee in the total sum of One Hundred Seventy-Six Dollars (176.00)."

Judgment was entered accordingly and Ludmila Novak and three respondents appealed "from the order . . . made and entered on the 23rd day of April, 1942 . . . amending the order allowing the Final Report and Account in the County Court in said proceeding and case, and awarding and allowing to said respondent, Franklin D. Tonne, an Executor's fee in the sum of One Hundred Seventy-Six Dollars ($176.00), and that this Appeal is taken from the whole of said order."

The specifications of error set forth: the denial of the motion to dismiss the appeal from the order of the county court, based upon the failure to furnish an undertaking on appeal; the remanding of the record to the county court in order to permit the executor to move for an extension of time and to present an undertaking on appeal for approval by the county court; the overruling of the objections to the jurisdiction of the court when the matter came back from the county court . . . these being based upon the same contentions; the taking of oral evidence in the district court; and allowing the executor the sum of $176.00 as fees.

There are but two issues involved:

1st: Was the district court in error in remanding the record to the county court?

2nd: If such action was correct, did the district court err in allowing the executor a commission of $176.00?

It is the contention of Appellants that the filing of this undertaking is jurisdictional and therefore the district court had no authority to remand the record. It is the contention of the executor that no undertaking was necessary in this case, as § 8603 of the Comp. Laws provides: "An executor . . . may appeal without filing an undertaking from a decree or order made in any proceeding in a case in which he has given an official bond; and when he appeals in that manner the bond stands in place of such undertaking. . . ." and that, if wrong in this he argues that in good faith he assumed the provisions of said § 8603 applied to him in this case; that he acted thereunder, that he had "seasonably and in good faith" served a notice of appeal on some of the parties, "but through mistakes or excusable neglect fails to obtain service on all," and therefore was in position to petition the county court to "extend the time for perfecting the service or other act and permit an amendment accordingly upon such terms as justice requires," as provided in section 8604. Therefore, he contends, he comes within the purview of the case of Davidson v. Unknown Heirs, 22 ND 480, 134 NW 751, where this court holds that the district court, upon a defective appeal, has power to remand the record to the county court so that the appellant in the district court may have an opportunity to fur-

nish a legal undertaking in a case of an appeal from the county court where a fatally defective undertaking had been furnished.

Appellants here contend this matter is governed by the decision of the court in Ransier v. Hyndman, 18 ND 197, 119 NW 544, 20 Ann Cas 415, where the court held that § 8603, Comp. Laws "does not apply to one who appeals from a decision of the county court revoking the probate of a will and also his letters of administration issued under such will." Appellants urge that this case cited and the Davidson Case are "in direct conflict, unrelated to each other, etc."

In the Ransier Case, the probate of the will was set aside, the letters revoked, and this action terminated the duties of the administrator. In the case at bar, the situation is somewhat different, even though it may be that the particular feature involved is one personal to the executor . . . the amount of his commission . . . but it is a charge on the estate, and it will be noted that in the Ransier Case the question of the power of the district court to remand the proceedings to the county court to enable the administrator to put up a bond was not involved. The administrator did not seek such relief.

In the Davidson Case, an undertaking on the part of the appellants was required. The profferred undertaking was "fatally defective." If fatally defective, it was the same as if no undertaking had been tendered. We see no material difference between failure to furnish an undertaking and the furnishing of one that is fatally defective.

It will be noted the executor, after the remand to the county court and the permission of the county court to file an undertaking, issued another notice of appeal. We need not consider whether this could be done at the time and after the expiration of the thirty days. In the light of the statute involved, the first notice of appeal is sufficient if the district court is justified in remanding the record to the county court.

We need not go into the showing made in the county court upon which that court determined the neglect to furnish the undertaking was excusable. It is sufficient to say we agree with the district court in its holding that the showing made in the county court was sufficient.

Section 8601, Comp. Laws provides, among other things: "To effect an appeal the appellant must cause a notice of the appeal to be served

on each of the other parties and file such notice with the proofs of service, and an undertaking for appeal in the county court within thirty days from and after the date of the order or decree; but when the party taking an appeal files such notice and announces the filing orally in open court at the time when the decision is given no other or further service of the notice is necessary."

Section 8608, Comp. Laws, provides: "An undertaking on appeal must be executed in favor of the appellees in such sum as the county court shall prescribe by the appellant or his agent or attorney in his name and sufficient sureties approved by the judge, to the effect that the subscribers will pay to the parties entitled thereto all costs of the appeal that shall be awarded against the appellant by direction of the district court not exceeding the sum therein stated. . . ."

It appears to be the contention of the appellants here that the furnishing of the bond in an appeal from the county court to the district court is as much a jurisdictional prerequisite as an undertaking in the matter of an appeal from the district court to the Supreme Court. This view is not correct. The statute dealing with appeals from the district court to the supreme court states specifically that "to render an appeal *effectual for any purpose*, an undertaking must be executed on the part of the appellant. . . ." Section 7824 Comp Laws. The provision requiring an undertaking on appeal from an order of the county court does not contain such mandatory expressions.

The reasoning of this court in the Davidson Case cited is decisive of this feature of the case. There it is said: "It is noticeable that these statutes on probate appeals in no instance make the service and filing of a valid bond a condition precedent to the attaching of jurisdiction on appeal. We here find no provision similar to Section 8502 governing appeals from justice court, that 'to render an appeal effectual for any cause an undertaking must be executed on the part of the appellant,' with certain conditions required by a statute manifestly mandatory." Davidson v. Unknown Heirs of Peterson, 22 ND 480, 134 NW 754.

We see no conflict between the principles laid down in each of these cases, nor are we required in this case to determine which is applicable. Under the holding in the Davidson Case cited, the district court had

power to remand the case to the county court in a case where no undertaking was given. The appellants in the Davidson Case were mere claimants. None was administrator or executor.

It is unnecessary, therefore, for us to determine whether the executor here could appeal to the district court without furnishing an undertaking, applying the provisions laid down in Section 8603, of the Comp. Laws; or whether he could afterwards apply to the county court for leave to furnish a bond because of his excusable neglect. If the executor in this case could appeal without filing a bond, then the motion made in the district court to dismiss the appeal would be overruled. If the provisions of § 8603 do not apply in the case of the attempted appeal from the order of the county court, nevertheless under the ruling in the Davidson Case, the district court had authority to remand the proceeding to the county court.

The appellant urges that on the appeal from the county court to the district court no service of the notice of appeal was made upon any of the parties interested here other than Ludmila Novak; that Robert Novak, Emilie Novak, and Henry Novak were parties to the probate proceedings and when appeal was taken from the judgment of the county court, it was necessary that the notice of appeal be served upon them; otherwise the district court obtained no jurisdiction.

The appeal to which this argument applies is the appeal from the decree of distribution of the county judge. The parties named were cited at the time the petition for the proof and probate of the will was filed and they appeared. The county court allowed the probate of this specific will. At that time, each was under age. In the petition Robert Novak was not named as such nor was he specified as one of the children under such name. One Buhuslav Novak was named as a respondent at the time the petition was filed. Mr. C. T. Paulson was appointed guardian because Buhuslav, Emilie, and Henry Novak were said to be aged 14 years, 9 years, and 3 years respectively. Under this name, the proceedings were carried on and it is clear that Buhuslav Novak and Robert Novak are the same person. All were over age at the time of the final hearing. It was not until 1935 that the name Robert Novak appears. At that time, he signed an "appearance and waiver of service over citation for notice and consent to mortgage on

homestead," and therein he is described as "Robert Novak, who is also known as Buhuslav Novak." The other respondents, said not to be served in this case, signed similar appearances and waivers, and in each of these waivers is found the following sentence: "And I do hereby also consent that the said estate be administered and Final Decree of Distribution entered therein without the service of any further notice of citation upon me."

The final decree of the court vested all of the estate in Ludmila Novak. Hence, neither Robert, Emilie, or Henry, the children, had any interest in the estate. They did not appeal from the order admitting the will to probate and they did not appeal from the decree of final distribution. None had any interest in the estate; hence, none of them was a necessary party. The only person interested in the estate was Ludmila Novak and under the decree of distribution she got the entire estate, was required to pay the fees allowed the administrator, and whatever would be the inheritance or estate tax. As stated by the county court, the only issue before him was the amount of fees to be paid to the executor. Clearly these children assented to this determination, and as said heretofore, did not appeal therefrom.

Not being necessary parties, no notice of appeal was required to be served upon them. Smith v. Grilk, 64 ND 163, 250 NW 787.

In Arner v. Sioux City, 116 Neb 394, 217 NW 603, one Arner was a claimant under the workmen's compensation act and a Doctor Ivins had intervened. An order had been made awarding attorneys' fees to claimant's lawyers, who were also the attorneys for the doctor. Claimant had been allowed $850.00 by the compensation commissioner for surgical fees and assigned this allowance of $850.00 to Dr. Ivins. The district court vacated and set aside the order approving the attorneys' fees and thereupon the attorneys appeal to the Supreme Court without making Arner a party to the appeal, even though he was the claimant and upon his claim the proceedings had been initiated before the compensation commissioner. In the Supreme Court the appellee moved to dismiss the appeal because the claimant Arner had not been made a party in the Supreme Court. The Supreme Court sets forth that the record showed Arner had assigned to the doctor the $850.00 allowed him as surgical fees, that he had no interest in the litigation in

the Supreme Court, and therefore denied the motion to dismiss, stating in the syllabus, "Only those having an interest in the subject-matter of an appeal need be made parties thereto."

On this appeal these children have no interest in the issue. They are not required to pay any portion of the commission allowed the administrator. They are in no way affected by the appeal or by the decision of the district court. They were no longer interested in the estate. The notice of appeal did not hold up any interest they had nor did the decision of the county court or the district court in any way affect them; nor can any decision rendered by this court in this case affect them.

This leaves but one issue to be determined—did the court err in ordering an amendment of the order of the county court so as to change the amount of commission allowed the executor from $30.00 to $176.00?

Appellants complain because the trial court examined the executor as a witness claiming "that the appeal was taken on Questions of Law alone and that no oral evidence is proper or admissible, and that the issue must be tried on the record returned by the County Court to this Court."

. The record shows that when the executor was tendered as a witness on his own behalf objection was made by the appellant here to the taking of any testimony in the county court on the ground that the appeal was on question of law alone. Judging by the record the trial court appeared to agree with the appellant but as the administrator was requesting additional fees for extraordinary service, and was present, the trial court permitted the offering of the testimony with the express declaration that he would determine thereafter whether it could be offered. This proffered testimony was in support of the theory of the administrator that he was entitled to additional fees for extraordinary service. The district court is presumed to be able to distinguish between what is admitted improperly, and the proper record upon which this decision is based. It is true the statute, § 8619, Comp. Laws, prescribes that on "appeal taken upon questions of law alone the decree or order of the county court shall be reviewed only so far as may be necessary and with a view to correct errors appearing upon the record which

injuriously affect a right or claim of the appellant and are specified in the notice of appeal; but when a specification relates to a discretionary award or direction given upon facts shown by the record, the district court has the same discretion that the county court had."

The decision as rendered by the district court was on the record as sent up from the county court and was limited entirely to the one issue raised by the appeal. Any error there may have been in permitting the administrator to testify is harmless, so far as the appellant is concerned. It had no effect upon her interest and she is not injured. See Quinn Wire & Iron Works v. Boyd, 52 ND 273, 202 NW 852.

The record in the county court, and which came up on appeal, shows by the final report of the executor a large amount of work done by him, sums of money running into thousands of dollars handled by him, the widow notified as early as 1918 of some of these dealings, and report made to her thereon. The estate was practically settled. But two things remained to be done—pay the executor and pay whatever amount is shown to be due as an inheritance tax. With this done, the formality of issuing a final decree was all that remained. The executor appealed to the district court on one question of law, and this question of law involves the amount allowed by the county court; and that alone. It is merely a matter of calculations.

The county court found him entitled to a commission and in its finding stated it allowed the executor a commission as executor *based upon the inventory*. The inventory, hereinbefore set forth, showed property in excess of $10,600.00 in value. The statute dealing with commissions is found in § 8822 of Comp. Laws. This provides: "When no compensation is provided by the will or the executor renounces all claim thereto, he must be allowed commissions on the amount of the whole estate accounted for by him, excluding all property not ranked as assets, as follows: For the first one thousand dollars, at the rate of five per cent; for all above that sum and not exceeding five thousand dollars, at the rate of two per cent, for all above that sum at the rate of one per cent; and the same commissions shall be allowed administrators. In all cases such further allowance may be made as the county court may deem just and reasonable for any extraordinary service.

The total amount of such allowance must not exceed the amount of commissions allowed by this section."

The will made no provision for compensation. The objection of the executor is directed to the amount allowed. The statute says the executor *"must be allowed* commissions on the amount of the whole estate accounted for by him, excluding all property not ranked as assets."

The appellants contend that though the provisions of Section 8822 are mandatory in terms, nevertheless the amount which may be allowed is discretionary with the court; that the county court is not shown to have abused its discretion under the facts of this case. We need not determine such question of discretion in either court. The finding of the district court, based upon the report presented to the county court shows what the executor did; that though the administrator may not have filed annual reports, nevertheless the estate was preserved and was ready for final distribution. The administrator may have been negligent in not filing annual reports, but the record shows that many years ago the real estate was actually turned over to the widow and the family and they operated the farm as their own. There was no quarrel between them and the administrator as to the management. There is no reason shown why the executor should not get the commission provided by law, even if the district court had the discretion of allowing less than the amount specified by the statute. We are here dealing with an appeal from the decision of the district court, and it is incumbent upon the appellants to show that the district court abused its discretion, if it had any, in failing to reduce the amount of commission that otherwise by statute would be allowed the executor.

Appellants here say this necessarily excludes the amount of the exempt property as the exempt property is not an asset of the estate. Eliminating all the exempt property, including the homestead, the inventory value of the estate was $4,600.00, and on this basis the executor was entitled to $122.00 if, as both courts found, he was entitled to any commission.

But the district court computed the commission of the executor upon the total inventoried value of the estate, less the exempt personal property. There was no prejudice to the appellant in this. The com-

mission is allowed "on the amount of the whole estate accounted for by him, excluding all property not ranked as assets." The fact that the inventory specified certain property as homestead does not exclude such property. This does not determine that it was not part of the estate. The widow might be entitled to the use of homestead and have homestead rights therein; nevertheless the land was part of the estate of the decedent. The title was in him. While Priewe v. Priewe, 43 ND 509, 175 NW 732, does not state the precise question involved in this lawsuit, nevertheless, it holds that the determination of the proper fee to be paid to an administrator should be based not only upon the actual money handled by him, but also on "the value of the property undisposed of as originally inventoried and appraised." 43 ND 520, 175 NW 735. When we compute the commission due the executor without reference to the actual moneys handled by him—that is, to the receipts from the farm, rentals, etc., set forth in his report and not disputed—and confine ourselves solely to the inventoried value of the real estate—the personal property going directly to the widow—the amount allowed by the district court is within the provisions of the statute without reference to further allowance for "any extraordinary service."

Upon the hearing on this case, the appellant insists this court must pass upon the effect of the second notice of appeal and determine whether such notice could be given under the facts of this case.

Appellants urge they are entitled to rulings on such matters because of § 101 of the Constitution. This matter is no longer a matter of judicial controversy with us. The subject is fully discussed and determined in Heald v. Strong, 24 ND 120, 138 NW 1114. There we held: in conformity with the decisions of other jurisdictions, that "a point fairly arising on the record, within the meaning of said section, must be one the decision of which is necessary to the final determination of the cause. . . ." Such is the settled interpretation in this jurisdiction. As pointed out therein, "Ever since this court was organized it has recognized and adhered to a construction of § 101 in accordance with the above holdings."

To go farther and rule upon matters raised and argued but not necessary to the determination of the case would, in many instances,

amount to a general treatise on law, and be almost tantamount to the giving of an advisory opinion. The former would involve useless cost and we have held repeatedly this court can not render advisory opinions. The judgment of the district court is affirmed.

MORRIS, Ch. J., and CHRISTIANSON, BURKE, and NUESSLE, JJ., concur.