J. ROBERT ORWIN AND SAMUEL ALBAUM, T/A THE WOODEN BOX REPAIR CO., PROSECUTORS, v. WYLIE E. CLARK AND THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE COUNTY OF HUDSON, RESPONDENTS.

Argued May 6, 1947—Decided June 10, 1947.

Before Justices BODINE, HEHER and WACHENFELD.

For the prosecutors, *Abraham Alboum.*

For Wylie E. Clark, *Joseph B. Gallagher.*

The opinion of the court was delivered by

BODINE, J. The writ of *certiorari* in this case brings up for review a judgment for possession entered in the District Court in an action between landlord and tenant. The defense was that there was an oral lease for two years.

The case was tried before the court and a jury. So far as pertinent, the court charged the jury as follows: "If you find that there was an oral lease for a period of two years, then you will bring in a judgment for the defendants. If you find that there was no oral lease, after the old lease expired, then you will bring in a judgment for the plaintiff, or possession for the plaintiff."

The argument on this appeal is that the verdict as entered was not the verdict of the jury. We think the jury was confused and we cannot tell what their verdict really was. They should have been recharged and sent back to find a verdict according to law.

After the jury returned from their deliberation and when asked by the clerk if they had agreed upon a verdict, the fore-

man said, "I am so nervous. We have decided that Mr. Wylie Clark should get his property back and the people that is working in his factory that they should get at least six months or a year to get out." This, of course, was not a verdict in accordance with the law of the case.

The court then said, "We can't enter a verdict that way. Foreman of the jury: That is how we decided. The court: Well, your verdict entitles him to his property? Foreman of the jury: Yes. He should get it back. There was no written lease." He did not say there was no oral lease as claimed. "The court: All right." Thereupon a judgment for possession was entered.

The jury was then polled. The foreman answered, "I find that Mr. Clark should have his property back because he owns it and maybe he wants it for his own use. I don't see why he can't have it." Number 2 juror spoke as follows, "I find, too, that they should have had a written contract. I feel that there should have been a written contract. I believe the old gentleman there." The third and fourth jurors felt the same way. The fifth, sixth, seventh, eighth, ninth, tenth, eleventh and twelfth felt that there should have been a witness to the lease if there really was one.

It seems to us that the jurors were not in accord as to the fact of there being no two year lease.

The only issue in the case was whether there was a two year lease. Some thought there was not or that it should have been proved differently which was not the finding of a fact question but a determination of law which was a question for the court and not for the jury.

The only object of a poll is to ascertain for a certainty that the jurors approve the verdict as returned and stated by the foreman and that they have not been coerced. *Silak* v. *Hudson and Manhattan Railroad Co.*, 114 *N. J. L.* 528; *affirmed*, 115 *Id.* 504.

We think the trial judge instead of sending the jury back for further deliberations found a verdict for them, which is contrary to law.

The judgment entered will be set aside to the end that there may be a *venire de novo.*