**2300 RESTAURANT, Inc., Appellant,**

v.

**Walter CAVELL, Appellee.**

**No. 2183.**

Municipal Court of Appeals for the District of Columbia.

Argued May 12, 1958.

Decided July 11, 1958.

John T. Reges, Washington, D. C., for appellant.

H. Nathaniel Blaustein, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This case is here for the second time. The pertinent facts are fully set forth in Cavell v. 2300 Restaurant, Inc., D.C.Mun. App.1957, 134 A.2d 583. The only contention made on this appeal is that the court erred in not declaring a mistrial, or in the alternative in not requiring the jury to return to the jury room when the following incident occurred:

"At the conclusion of the trial the jury returned to the Courtroom and were asked by the Clerk in the presence of the Judge and Counsel if they had

agreed upon a verdict. The foreman responded, 'Yes.' Upon the Clerk's asking what the verdict was, the foreman responded, 'For the Plaintiff [appellee].' Thereupon the Defendant's [appellant's] attorney asked for a poll of the jury. The Judge directed the Clerk to poll the jury.

"Juror No. 1 was asked by the Clerk how he found and he responded, 'For the Plaintiff.' Juror No. 2 was asked by the Clerk how he found and he responded, 'For the Plaintiff.' Juror No. 3 (Clayton C. Craig) was then asked how he found and he responded, 'Defendant.' The Judge then asked Juror No. 3, 'What is your name?' and the juror responded, 'Clayton C. Craig.' The Judge then asked Juror No. 3, 'Do you find for the Plaintiff or do you find for the Defendant?' Juror No. 3 replied, 'For the Plaintiff.'

\*   \*   \*   \*   \*   \*

"The Clerk then continued the poll of the remaining nine jurors, who all responded, 'For the Plaintiff.'

"The Court then discharged the jury." [1]

When appellant requested a jury poll, which was his right, he in effect agreed to be bound by it, for it is well established that the result of polling the jury is to eliminate the previously proffered verdict and substitute therefor the individual verdict of each juror. Here, a juror when he was polled answered, "Defendant," and without any coercion or inducement by the court, immediately corrected his statement and gave his individual verdict, which was in complete agreement with and supported the tendered verdict.[2] In view of the foregoing circumstances, the trial judge was not required to order the entire panel to retire for further deliberation although it would have been the better practice to have done so. However, if there had been any equivocation on the part of the juror in responding to the court's inquiries, showing a lack of unanimity, the jury should have been instructed to return to the jury room for further deliberation, or have been discharged.[3]

We think the manner in which the verdict in this case was received was entirely proper.

Affirmed.

1. Agreed Statement of Proceedings and Evidence.

2. Cf. Solar v. United States, D.C.Mun. App., 1952, 86 A.2d 538.

3. Bruce v. Chestnut Farms-Chevy Chase Dairy, 1942, 75 U.S.App.D.C. 192, 126 F.2d 224, 225, and cases cited therein.