James T. INCHES, Plaintiff and Respondent,

v.

Bessie BUTCHER and Donald T. Butcher, Defendants and Appellants.

No. 7889.

Supreme Court of North Dakota.

Aug. 5, 1960.

Lee F. Brooks, Harold A Halgrimson, and C. J. Serkland, Fargo, for plaintiff and respondent.

Nilles, Oehlert & Nilles, Fargo, for defendants and appellants.

STRUTZ, Judge.

This is an action to cancel a deed given by the plaintiff to the defendants and to the plaintiff's mother, as joint tenants, and to quiet title to the premises described in the deed in the plaintiff. As grounds for such cancellation, the plaintiff alleged a failure of consideration and further alleged that he was induced to execute such deed by fraud, threats, undue influence, and duress exerted by the defendants upon the plaintiff.

The trial court found for the plaintiff on the issue of failure of consideration, but found for the defendants on the issue of fraud. The defendants have appealed from a judgment in favor of the plaintiff setting aside the deed, and have demanded a trial de novo.

The title to Lot 22, Block 2, Island Park Addition, Fargo, was in the name of the plaintiff and had been since November 22, 1932. This property is referred to in this litigation as the "Seventh Avenue property." The plaintiff's mother, Jean Pfeifer, a sister of the defendant Bessie Butcher, held title to certain other Fargo property described as the East 75 Feet of Lot 11, Block 2, Island Park Addition, referred to as the "Sixth Avenue property."

Although title to the Seventh Avenue property, on which is located an apartment house, was in the plaintiff since 1932, his mother throughout her lifetime received the rents and profits from it and reported these as income in her tax returns.

The plaintiff has been an invalid since the age of seventeen. Since that time, he has been paralyzed from the waist down and his condition has been such that he has needed constant care. Up to the time of her final illness, such care was given to him by his mother. When she became ill, however, it was impossible for her to give the plaintiff the care he needed, and on three occasions between November 1956 and September 1957 she, or the plaintiff at her suggestion, had requested the defendant Bessie Butcher to come from her home in Michigan to assist in caring for the plaintiff and his mother. Each of these visits was rather brief due to the fact that the defendant Butcher had duties of her own which required her attention at her home in Michigan. The last time the defendant Bessie Butcher came to help was in August 1957, the death of Mrs. Pfeifer occurring on September 14 of that year.

On August 29, 1957, the mother, Jean Pfeifer, deeded to her sister, the defendant Bessie Butcher, the property described as the Sixth Avenue property. She also gave to Mrs. Butcher a bill of sale to all of the furniture and household goods located in both the Seventh Avenue property and the Sixth Avenue property. Presumably this was done to repay the sister for her assistance on the three occasions mentioned.

A few days later, on September 5, the plaintiff deeded to the defendants, Bessie Butcher and her son, Donald T. Butcher, and to his mother, Jean Pfeifer, as joint tenants, the Seventh Avenue property. This is the deed which plaintiff attempts to cancel by this action. This transaction took place just nine days prior to the death of Mrs. Pfeifer. On the same day, a deed

was prepared conveying the Sixth Avenue property from the defendants to the plaintiff. Thus there was to be an exchange of property by which the plaintiff was to receive the Sixth Avenue property and the defendants, mother and son, as joint tenants, were to receive the Seventh Avenue property. For some reason the grantor's mother's name was added as a grantee. The record shows that the Seventh Avenue property was of far greater value than the Sixth Avenue property.

The consideration for the plaintiff's deed to the Seventh Avenue property was not only the deed on the Sixth Avenue property, which was to be given to him, but there was the further consideration of the defendants' taking plaintiff's mother, Jean Pfeifer, to Michigan and caring for her there. Before the deed to the Sixth Avenue property was executed and delivered to the plaintiff, however, and before the mother could be taken to Michigan to be cared for, the mother died.

As stated, the plaintiff now brings this action to cancel and rescind the deed to the Seventh Avenue property, contending that the deed is invalid for two reasons:

1. That there has been a failure of consideration for the deed given by the plaintiff to the Seventh Avenue property; and

2. That the deed to the property was obtained by fraud, threats, undue influence, and duress exerted by the defendants upon the plaintiff.

We shall discuss first the question of failure of consideration for the deed executed by the plaintiff to the Seventh Avenue property. This deed, defendants' Exhibit C, recites as consideration "One dollar and other good and valuable consideration." The defendants claim that there is a presumption of good consideration for the giving of the deed under Section 9–0510 of the North Dakota Revised Code of 1943, which provides:

"A written instrument is presumptive evidence of a consideration."

Defendants further contend that "other good and valuable consideration" for the plaintiff's deed consisted in the promise of the grantees, the defendants Bessie Butcher and Donald T. Butcher, to take Mrs. Pfeifer, the plaintiff's mother, to Michigan and there to care for her; the care given to the plaintiff's mother before her death; and in the giving to the plaintiff of the deed to the Sixth Avenue property by the defendant Bessie Butcher.

The deed to the Sixth Avenue property never was delivered to the plaintiff. Before it was executed in Michigan by the defendant Donald T. Butcher and brought to Fargo, the plaintiff's mother passed away. The defendant Donald T. Butcher then brought the deed with him when he came to attend the funeral. Moreover, the deed was not delivered or tendered to the plaintiff at that time, either. It appears that the defendants did not want to give the plaintiff absolute title to the Sixth Avenue property because they felt that someone, presumably his "girl friend," would get possession of the property. The "girl friend" was the lady who was to care for the plaintiff. In order to prevent any such deeding of the property, the defendants eventually induced the plaintiff to sign an agreement, which is in evidence as plaintiff's Exhibit 1. This agreement provided, among other things, that the plaintiff could not dispose of the Sixth Avenue property for a period of three years and that, if the plaintiff should die during that time, the property was to be the property of the defendants. The agreement further provided that, during such three-year period, the plaintiff could not make any loan on such property or mortgage it without the defendants' consent.

The plaintiff contends that there has been a failure of consideration for the deed he executed to the Seventh Avenue property. The defendants, on the other hand, contend that, in addition to the presumption of consideration, the promise to take the plaintiff's mother to Michigan and care for her, the caring for plaintiff's mother in Fargo

before her death, and the deeding of the Sixth Avenue property constituted good and valuable consideration for the plaintiff's deed to the Seventh Avenue property.

In return for the execution of the deed by the plaintiff, the defendants promised to take the plaintiff's mother to Michigan and to care for her. Had they done so, that certainly would have constituted good consideration for the plaintiff's deed. But the defendants did not take the mother to Michigan. Before they could perform their part of the agreement, the mother had passed away.

█ In passing on the validity of deeds given in consideration of a promise of support or care, courts of equity have a tendency to give the grantor relief on the ground of the grantee's failure to furnish support in accordance with a promise given in consideration of a deed. 26 C.J.S. Deeds § 21, p. 620. The courts consider each case on its own facts and, in the exercise of equity powers, will grant such relief as will bring about substantial justice.

█ Where the defendants contracted to take the plaintiff's mother to Michigan and to render personal services to her in consideration of the plaintiff's conveyance of the Seventh Avenue property to the defendants, and where, before such services could be rendered by the defendants, the plaintiff's mother died, there was a failure of consideration for the plaintiff's conveyance. The mother's death rendered performance by the defendants impossible. The consideration for the plaintiff's execution of the deed was the taking of the mother to Michigan and giving her the required personal care— not the mere promise of the defendants to take her and care for her. Rayner v. McCabe, 319 Mass. 311, 65 N.E.2d 417.

In the Rayner case, a niece had promised to live with her aunt and render personal services to the aunt, in return for which services the aunt conveyed certain real estate to the niece. Before any such services could be rendered by the niece, the aunt died. The court held that there was a failure of consideration for the conveyance of the real property, and that the actual consideration for the conveyance was the services of caring for the aunt rather than the mere promise to give such care and services.

█ This court has held that an agreement for support given in consideration of a deed to land will be liberally construed by a court of equity to carry out the intention of the parties. Rennick v. Rennick, N.D., 80 N.W.2d 300.

Certainly the intention of the parties in this case was that Mrs. Pfeifer should be taken to Michigan by the defendants and there given proper care. The plaintiff was interested only in the welfare of his mother. It was for her good that he was willing to give up the Seventh Avenue property. He was not interested in giving the defendants that valuable property when he himself, an invalid, was in such physical condition that he had greater need for the property than the defendants possibly could have had.

The defendants contend that they rendered services to Mrs. Pfeifer at her home in Fargo, and that therefore there was good consideration for the plaintiff's deed. It is true that the defendant Bessie Butcher did render personal service to Mrs. Pfeifer in Fargo. But the agreement with the plaintiff for the giving of the deed was for the defendants to take his mother to Michigan and there to care for her. While there is some conflict in the evidence, a careful reading of the testimony shows that the plaintiff gave the deed to the Seventh Avenue property to the defendants relying on their agreement to take his mother to Michigan and there to give her the personal care she needed. Plaintiff was very much interested in his mother's welfare, and because of that interest was willing to part with the Seventh Avenue property in order to give her the care which she required. The defendants were prevented from giving her that care by her death

The care which the defendant Bessie Butcher rendered to Mrs. Pfeifer in Fargo would not be consideration for the deed of the plaintiff. Such care rendered to Mrs. Pfeifer was amply paid for by Mrs. Pfeifer's giving to the defendant a deed to the Sixth Avenue property, which property had a value far in excess of the value of any services which actually were rendered to her by the defendant. In other words, Mrs. Pfeifer herself had taken care of reimbursing the defendant Bessie Butcher for services to her by conveying to the defendant the Sixth Avenue property which at the time had a value of approximately $6,300. In addition, the defendant Bessie Butcher was given all of the personal property in both the Sixth Avenue and the Seventh Avenue houses. The defendant Bessie Butcher having been adequately compensated for her services rendered to plaintiff's mother in Fargo, by the transfer to her of the Sixth Avenue bungalow plus the personal property in both houses, the services rendered to Mrs. Pfeifer in Fargo could not be consideration for the deed from the plaintiff to the Seventh Avenue property.

The defendants contend that the giving of the deed to the Sixth Avenue property was adequate consideration for the deed to the Seventh Avenue property by the plaintiff and, even though there was a partial failure of consideration in that they could not render to the plaintiff's mother the personal care which had been promised, that the giving of the deed to the Sixth Avenue property was ample consideration for the plaintiff's deed. This argument might have considerable force if it were not for the undisputed fact that the deed to the Sixth Avenue property never was delivered to the plaintiff, as agreed. Instead of giving the plaintiff title to the Sixth Avenue property, the defendants compelled the plaintiff to sign the agreement which was introduced in evidence as plaintiff's Exhibit 1. That agreement is dated September 30, 1957, sixteen days after the death of the plaintiff's mother. There is

evidence to show that the plaintiff signed that agreement reluctantly, and only because he needed a place in which to live. The agreement specifically provides, among other things, that the plaintiff would hold the Sixth Avenue property for a period of three years and would not dispose of it to anyone during that time; that if the plaintiff should die within such three-year period the property would become the property of the defendants. The agreement further provided that plaintiff could not make a loan on such property during such time without the consent of the defendants.

Thus it is apparent that the defendants' contention that the defendant Bessie Butcher gave up title to the Sixth Avenue property for the plaintiff's deed to the Seventh Avenue property, and that such deed to the Sixth Avenue property is good consideration for the plaintiff's deed, is without merit. It is apparent from the record that the defendants were not only trying to get the more valuable Seventh Avenue property but that, at the same time, they were trying to retain control over the Sixth Avenue property. Instead of giving to the plaintiff the Sixth Avenue property, as they had agreed, they were endeavoring to keep control of that property by providing that if the plaintiff should die within three years the Sixth Avenue property would belong to the defendants. Where the defendants failed to carry out their agreement to transfer the Sixth Avenue property to the plaintiff without condition, it cannot now be contended that such agreement to conditionally transfer was valid consideration for the plaintiff's deed.

■ The second ground urged by the plaintiff for cancellation of his deed to the Seventh Avenue property was that the deed was obtained by the defendants by the use of fraud, threats, duress, and undue influence. This court repeatedly has held that any question not necessary to a decision of the case need not be considered. Northwestern Mutual Savings & Loan Ass'n v. White, 31 N.D. 348, 153 N.W. 972;

Moug v. Workmen's Compensation Bureau, 70 N.D. 656, 297 N.W. 129. While the North Dakota Constitution, Section 101, does require that every point fairly arising on the record shall be decided, a point arises on the record only when its decision is necessary to the final determination of the cause. Heald v. Strong, 24 N.D. 120, 138 N.W. 1114.

Since the question of whether the deed was obtained by defendants from the plaintiff by the use of fraud, threats, duress, and undue influence is not necessary to a decision of this case, we will not consider it.

There is ample evidence in the record to show that there was a failure of consideration for the deed given by the plaintiff to the defendants. Because of such failure of consideration, the deed from the plaintiff to the defendants and to his mother, Mrs. Pfeifer, as joint tenants, is invalid. Whether fraud was involved or not need not be determined since a decision on that question is not necessary to a decision of this case.

The judgment of the trial court cancelling the plaintiff's deed to the Seventh Avenue property, and further decreeing that the Sixth Avenue property shall be reconveyed to the defendant Bessie Butcher, is affirmed.

SATHRE, C. J., and MORRIS, BURKE and TEIGEN, JJ., concur,