KIRKHAM, MICHAEL & ASSOCIATES,
a Corporation, Plaintiff and
Respondent,

v.

CITY OF MINOT, a Municipal Corporation,
Defendant and Appellant.

No. 8091.

Supreme Court of North Dakota.

July 25, 1963.

Conmy, Conmy & Feste, Fargo, for plaintiff and respondent.

Bosard, McCutcheon & Coyne, Minot, for defendant and appellant.

STRUTZ, Judge.

The defendant City of Minot created Storm Sewer District No. 69 as a special-assessment project. Thereafter, the City contracted with the plaintiff, an engineering firm, for the preparation of plans, specifications, and estimates of costs for such project. Pursuant to such contract with the City, the plaintiff prepared plans, specifications, and estimates, which were approved by the City. Following such approval of the plans, specifications, and estimates of costs, the City adopted a resolution of necessity which thereafter was duly published. A call for bids also was published,

but no bids were received and considered because the owners of more than sixty per cent of the property in such proposed district filed written protests against the improvements. No formal hearing was held on such protests, but the parties have stipulated that protests were timely filed by the owners of more than sixty per cent of the property included in the proposed storm-sewer district.

The City denied liability on plaintiff's claim for the preparation of the plans, specifications, and estimates of costs, and plaintiff brought this action to recover its fees due under the contract. From the judgment of the trial court allowing the plaintiff a partial recovery, of seventy per cent of such engineering fees under a clause in the contract which provided that seventy per cent of the plaintiff's fees should be payable when completed plans, specifications, contract documents, and final estimates of costs were submitted to the City, with the remaining thirty per cent to be due when the project was completed, the City appeals to this court demanding a trial de novo.

Three questions are raised by the City on its appeal:

1. Is a resolution of necessity required for a special-assessment project known as a "storm sewer drain district"?

2. Does the City have general liability on an engineering contract for a special-assessment project?

3. If the City is liable, generally, for what amount is it liable?

■ A city is a creature of statute and it has only such authority as is given to it by statute or necessarily implied therefrom. Harding v. City of Dickinson, 76 N.D. 71, 33 N.W.2d 626; Trinity Hospital Association v. City of Minot (N.D.), 76 N.W.2d 916.

Our Legislature has given to municipal corporations in this State the power, among others, to regulate—

"* * * the building, laying, or repairing of sewers, tunnels, and drains, * * *." Sec. 40–05–01, Subsec. 12, N.D.C.C.

Section 40–22–15 of the North Dakota Century Code provides that, after plans, specifications, and estimates for an improvement have been filed and approved, the governing body of the municipality shall, by resolution, declare that it is necessary to make the proposed improvements. This section then provides that such resolution shall not be necessary—

"* * * if the improvement consists of the construction or alteration of sewer or water mains, * * *."

Therefore, if a storm sewer is a "sewer," within the meaning of this section, the resolution of necessity is not required and the owners of the property are without right of protest against the resolution.

■ We first will consider the question of whether the designation "storm sewer" is included in the term "sewer," as used in the portion of the section which exempts the construction or alteration of sewer mains from the requirement of publishing a resolution of necessity.

Originally, the word "sewer" meant an artificially constructed fresh-water trench, used to convey surface water into the sea and to preserve adjacent lands from inundation. McQuillin, Municipal Corporations, 3d Ed., Chap. 31, Sec. 31.02, at p. 178. The term "sewer" has also been held to include an underground storm-sewer drain thirteen miles long. Clinton v. Spencer, 250 Mich. 135, 229 N.W. 609.

Webster's Third New International Dictionary (1961) defines "sewer" as:

"A ditch or surface drain; an artificial usually subterranean conduit to carry off water and waste matter (as surface water from rainfall, household waste from sinks or baths, or waste water from industrial works)."

Historically, the word "sewer" was used to denote "storm sewer" at an earlier period than it was used to denote "sanitary sewer." Anselmi v. City of Rock Springs, 53 Wyo. 223, 80 P.2d 419, 422, 116 A.L.R. 1250.

In modern usage, the word "sewer" has been held, under special circumstances, not to include storm sewers. Roebling v. City of Cincinnati, 102 Ohio St. 460, 132 N.E. 60. At other times, it has been held to refer only to "a drainage or storm sewer" and not to include a sanitary sewer. Terminal R. R. Assn. of St. Louis v. City of Brentwood, 360 Mo. 777, 230 S.W.2d 768–770.

However, it has been held that, in the absence of anything which would indicate a limitation on the meaning of the term, the word "sewer" will be construed to include both storm sewers and sanitary sewers. 80 C.J.S. Sewer, p. 131; Anselmi v. City of Rock Springs, 53 Wyo. 223, 80 P.2d 419, 116 A.L.R. 1250; Trustees of University Co-op. Co. v. City of Madison, 233 Wis. 100, 288 N.W. 742.

■ Sewers are installed for sanitary purposes, and to preserve the public health. In this connection, there is no difference or distinction between sanitary sewers and storm sewers. Both are installed to preserve the public health and for sanitary purposes. As the term "sewer" is used in Section 40–22–15, we find a complete absence of anything that would limit the meaning of the word to "sanitary sewer," and we therefore must assume that the Legislative Assembly intended to include both storm sewers and sanitary sewers in the exception provided in Section 40–22–15 which specifically exempts construction or alteration of sewer mains from the resolution of necessity required for public improvements. Since storm sewers come within this exception, it was not necessary for the City to publish a resolution of necessity for the construction of Storm Sewer District No. 69.

As further evidence of the legislative intent that the term "sewer" should include both storm and sanitary sewers, we note that the Legislature, in granting to municipalities the power and authority to construct certain types of improvements and to defray the expenses thereof by special assessments, included in the term "sewerage system" both sanitary sewers and storm sewers. Sec. 40–22–01, Subsec. 1, and 40–22–02, N.D.C.C.

■ Having determined that a resolution of necessity is not required for a special-assessment project, for the creation of a storm-sewer district as a special-assessment project, this decision makes it unnecessary for us to discuss the remaining questions raised by the City on this appeal. This court has repeatedly held that it need not discuss any point the decision of which is not necessary to a disposition of the case. In re Novak's Estate, 73 N.D. 41, 11 N.W. 2d 64; Inches v. Butcher (N.D.), 104 N.W. 2d 556.

For reasons stated herein, the judgment of the district court should be modified and, as modified, affirmed.

MORRIS, C. J., and ERICKSTAD, BURKE and TEIGEN, JJ., concur.