Margie STRADINGER, an Infant, by Rose Stradinger, her guardian ad litem, Plaintiff and Appellant,

v.

Laverne HATZENBUHLER and Larry Koffler, Defendants,

Laverne Hatzenbuhler, Defendant and Respondent.

No. 8131.

Supreme Court of North Dakota.

Sept. 23, 1965.

Greenwood & Swanson, Dickinson, for appellant.

William R. Reichert, Dickinson, for respondent.

Dale Jensen, Special Asst. Atty. Gen., Bismarck, for Unsatisfied Judgment Fund.

ERICKSTAD, Judge (on reassignment).

This is an appeal by the plaintiff, Margie Stradinger, an infant, by Rose Stradinger, her guardian ad litem, from an order of the District Court of Stark County denying a motion for a new trial. This case was consolidated for trial with the cases of Carol Novotny, an infant, by Philomine A. Novotny, her guardian ad litem, v. Laverne Hatzenbuhler and Larry Koffler and of Arlene Novotny, an infant, by Philomine A. Novotny, her guardian ad litem, v. Laverne Hatzenbuhler and Larry Koffler. The actions against Larry Koffler were dismissed by stipulation.

The jury returned a verdict in favor of Mr. Hatzenbuhler in each of the actions. Motion for new trial was made on behalf of Margie Stradinger. It is from the order denying that motion that this appeal is taken.

Margie Stradinger's complaint alleged in substance that on April 21, 1957, she was a passenger in an automobile operated by Mr. Hatzenbuhler on U. S. Highway 10 approximately one-half mile west of Dickinson, North Dakota; that he willfully and wantonly operated the automobile in a grossly negligent manner; that he lost control of the automobile and crashed into a gasoline tank truck; and that, as a direct and proximate result of his conduct, she suffered severe personal injuries for which she was entitled to recover a judgment in the sum of $41,000.

In his answer Mr. Hatzenbuhler admitted that Margie Stradinger was a passenger in the automobile he was operating and that the accident had occurred. He denied that he had operated the automobile in a negligent manner and alleged that the collision was proximately caused by the negligence of the truck driver.

At the close of the court's instructions the jurors retired to the jury room for deliberation. Later they returned to the court room for further instructions relating to whether a certain violation of the rules of the road constituted gross negligence. Upon receiving additional instructions from the court, the jury again retired to the jury room for deliberation and thereafter returned to the court room, where the following verdict was read:

We, the jury, duly empanelled and sworn to try the above entitled action, do find for the defendant. Not Guilty.

The motion for new trial was based essentially on two grounds. The first ground was that the verdict received by the court was not the verdict of the jury, as evinced by the fact that when the jury was polled one of the jurors stated that it was not his verdict. The second ground was that the verdict of the jury was improperly and illegally reached, because the dissenting juror was induced to assent to the verdict by remarks made by the judge after the polling of the jury, under the mistaken belief that the judge wished him to agree with the verdict rendered by the other jurors.

The trial court denied the motion for a new trial on the grounds that all of the jurors finally assented to the verdict; that the jury had not amended or altered its verdict in open court but had only approved it; and that, since it was the wish of all the jurors that Mr. Hatzenbuhler not be held liable on the charge of gross negligence, the verdict properly disposed of that issue. The trial court held that the words "not guilty" in the verdict were surplusage.

The first issue raised on appeal is whether the court erred in failing to return the jurors to the jury room when one of the jurors disagreed with the verdict on being polled. A part of the conversation between the judge and the juror follows:

The Court: Mr. Reisenauer, this is your verdict, is it not?

Juror Reisenauer: Well—I don't feel right about it.

The Court: Well, is it your verdict or isn't it?

Juror Reisenauer: Well, I had the intention it was criminal.

The Court: Well, I got to know whether it is your verdict or not?

Juror Reisenauer: I would say, no.

Section 28–1506 of the North Dakota Revised Code of 1943 [now § 28–14–23, N.D. C.C.], in effect at the time of this trial, read:

28–1506. How Verdict Received; Polling Jurors. When the jurors have agreed upon a verdict, the members thereof shall be conducted into court, their names called by the clerk, and the verdict rendered by the foreman. The verdict shall be in writing signed by the foreman and shall be read by the clerk to the jurors and inquiry made whether it is their verdict. If any juror disagrees, all jurors must be sent out again, but if no disagreement is expressed and neither party requires the jurors to be polled, the verdict is complete and the jury shall be discharged from the case. Either party may require the jurors to be polled, which is done by the court or clerk asking each juror if it is his verdict. If any one answers in the negative, the jurors again must be sent out.

North Dakota Revised Code of 1943.

When Juror Reisenauer said that the verdict was not his own, the jurors were not sent out again. The record also discloses the following conversation:

The Court: But you, Mr. Reisenauer, do not agree on this verdict. Gentlemen, it is necessary that all of the jurors agree on a verdict and do you suppose, if I sent you back, that you could agree?

Juror Fenstermacher: We can try.

The Court: If you can't agree, if there is such a difference of opinion among you that you cannot agree, why then we will have to discharge the jury, but I don't like to do it. We spent two, three days trying this case and—if Mr. Reisenauer says that he is, that this is not his verdict then we, all I can do is say the jury have disagreed and send you gentlemen back.

Juror Reisenauer: May I ask a question? Can he be convicted on just negligence?

The Court: No.

Juror Reisenauer: He can't.

The Court: It has got to be gross negligence. Not "convicted," I don't like that. Can he be found liable, is a better term, on mere negligence, ordinary negligence. He cannot. Under the instructions it must be gross negligence. If you—

Juror Reisenauer: In that case I will change my vote.

The Court: You are in accordance, you agree with the rest?

Juror Reisenauer: Well, we have to, I guess, because we just couldn't find anything that would come under gross negligence.

The Court: The court does not know how to make the instructions any clearer. I have covered all the law that I could find in the matter and I don't know how to make the instructions any clearer, but, if this is your verdict, gentlemen, we accept it as such and I will have the Clerk record it as such and I—you gentlemen now are all in agreement? You are all in agreement at this time?

Jurors: Yes. Yes. Yes.—

The trial court, in holding § 28–1506, N.D.R.C. of 1943, only directory in nature, found it unnecessary to send the jury out for further deliberation when Juror Reisenauer disagreed with the verdict. In so doing, the court, in its memorandum opinion, cited as its authority the case of Hart v. Village of Wyndmere, in which this court

held the part of the statute requiring that the verdict be signed by the foreman to be directory, not mandatory.

* * * The question arises under the statute [citation] providing, in trials of civil actions: "The verdict must be in writing, signed by the foreman and must be read by the clerk to the jury and the inquiry made whether it is their verdict." While the statute is positive and requires by its terms the verdict to be signed by the foreman of the jury, the same statute is generally held to be directory and not mandatory, and the verdict is valid without being signed.

\* \* \* \* \* \*

A verdict, like all other court proceedings, should be construed in furtherance of justice, and not be defeated by a statute intended only to prescribe uniform procedure, when such verdict is otherwise regular, responsive, sufficient, and just. The holding of many courts that such a statute is directory and the verdict valid furnishes ample precedent, and we sanction such interpretation by so holding.

Hart v. Village of Wyndmere, 21 N.D. 383, 131 N.W. 271, at 282.

The foregoing language clearly shows that when this court referred to the statute as being directory, the reference was only to the provision requiring that the verdict be signed by the foreman. No reference was made to the provision in the statute which requires that jurors be sent out again if any juror disagrees with the verdict upon being polled. We have examined the authorities cited in Hart and have found that they all refer to the validity of an unsigned or improperly signed verdict. They do not involve the issue before us.

Our statute, § 28–1506, N.D.R.C. of 1943 [now § 28–14–23, N.D.C.C.], was derived from Harston's (Cal.) Practice, 618.

The District Court of California for the Second District has applied their statute, which is substantially the same as ours, to a case similar to the one before us. That court said in part:

* * * When in the present case, four of the jurors upon the poll taken on the general verdict, declared that it was not their verdict, it was clearly the duty of the trial court to send them back for further deliberations and we know of no procedure which authorized him to, in open court, take what amounted to special verdicts upon the issues submitted to the jury. * * * The result is that under any view of the matter, only eight jurors had agreed upon the verdict as signed by the foreman and hence there was no true verdict.

Kite v. Coastal Oil Co., 162 Cal.App.2d 336, 328 P.2d 45, at 49.

The Municipal Court of Appeals for the District of Columbia is in accord with this view.

* * * Here, a juror when he was polled answered, "Defendant," and without any coercion or inducement by the court, immediately corrected his statement and gave his individual verdict, which was in complete agreement with and supported the tendered verdict. In view of the foregoing circumstances, the trial judge was not required to order the entire panel to retire for further deliberation although it would have been the better practice to have done so. However, if there had been any equivocation on the part of the juror in responding to the court's inquiries, showing a lack of unanimity, the jury should have been instructed to return to the jury room for further deliberation, or have been discharged.

2300 Restaurant, Inc. v. Cavell, 143 A.2d 637, at 638 (D.C.Mun.App.1958).

See also: Orwin v. Clark, 135 N.J.L. 542, 53 A.2d 345.

In a case tried before the Municipal Court of the District of Columbia, two jurors dis-

sented from a verdict but subsequently agreed in court that the verdict was their own. The verdict was then received by the court, but on appeal the United States Court of Appeals granted a new trial.

There can be no question of the right of a juror, when polled, to dissent from a verdict to which he has agreed in the jury room, and when this happens, the jury should either be discharged or returned to their room for further deliberation. It is both unwise and undesirable that the court should enter into an argument with the juror or require an explanation of his change of position. * * * The correct practice, when a poll of the jury is asked, is for the clerk to call the roll and ask each juror as his name is called to answer—for the plaintiff, or—for the defendant, and if the responses of the individual jurors are not in complete agreement, the jury should be required to retire and give further consideration to the case.

* * * Judges should bear in mind that a good and valid verdict is not dependent on what the juror agrees to in the jury room, but what the juror agrees to when the jury returns into court to give their verdict, and the questioning of the juror by counsel and the court, though doubtless well intended, should not have been indulged. * * Bruce v. Chestnut Farms-Chevy Chase Dairy, 75 U.S.App.D.C. 192, 126 F.2d 224, at 225 (1942).

Section 28–1418 of the North Dakota Revised Code of 1943 is cited as authority for accepting the verdict without sending the jurors to the jury room for further deliberation following the dissent of juror Reisenauer. This section reads in part:

When the case is finally submitted to the jurors, they may decide in court or retire for deliberation. * * *

The pertinent provisions of Sections 28–1506 and 28–1418 of the North Dakota Revised Code of 1943 were contained in the Code of Civil Procedure of the Revised Codes of the Territory of Dakota in 1877 as Sections 258 and 253 of Chapter XII, Article IV. These statutes remained under the same article, entitled *Of the Conduct of the Trial*, until Section 28–1418 appeared in the Revised Code of 1943 under the title *Trial by Jury* and Section 28–1506 appeared in the same code under the title *Verdict, Forms, Direction of*. They now appear in the Century Code under one title, *Trial by Jury*.

▇ Under these circumstances, the statutes should be construed so as to give effect to both, if it is reasonably possible. This is consistent with the general rule of statutory construction, that when two statutes relating to the same subject matter appear to be in conflict, they should be construed whenever possible to give effect to both statutes if this can be done without doing violence to either. The Wisconsin Supreme Court in a 1964 decision states this rule as follows:

The general rule of statutory construction is that where two provisions are susceptible of a construction which will give operation to both, without doing violence to either, it is incumbent on the court to search for a reasonable theory under which to reconcile them so that both may be given force and effect. * * *

State ex rel. Thompson v. Gibson, 22 Wis.2d 275, 125 N.W.2d 636, at 644.

The Supreme Court of Errors of Connecticut has stated the same rule, using other language:

* * * When two statutes appear to be repugnant, it is the duty of the court to construe them so that both are operative, if that is reasonably possible. * * *

Toll Gate Farms, Inc. v. Milk Regulation Board, 148 Conn. 341, 170 A.2d 883, at 886.

Another version of the same rule was stated recently by the Supreme Court of Arizona:

The accepted principle is that courts will not render an interpretation of statutes which makes them contradictory to each other but must, if sound reason and good conscience allow, construe statutes in harmony. * * *

City of Mesa v. Salt River Project Agr. Imp. & P. Dist., 92 Ariz. 91, 373 P.2d 722, at 727.

See also: Marshall v. City of Golden, 147 Colo. 521, 363 P.2d 650; State v. Roy, 23 Conn.Sup. 26, 176 A.2d 66.

■ Applying this rule so as to give effect to both statutes, a reasonable interpretation of the statutes is that when a case is submitted to a jury, the jury may deliberate in open court and render its verdict without retiring to the jury room, but when a jury has retired to the jury room for deliberation, returned to the court room to render its verdict, and upon being polled a juror disagrees with the verdict, the provision in § 28–1418, N.D.R.C. of 1943 [§ 28–14–18, N.D.C.C.], which permits the jury to render its verdict in court without retiring to the jury room to deliberate, ceases to apply, and the provisions of § 28–1506, N.D.R.C. of 1943 [§ 28–14–23, N.D.C.C.], requiring the jurors, when a juror disagrees with the verdict on being polled, to be sent out for further deliberation, applies.

■ We therefore find that the trial court erred in not sending the jurors to the jury room for further deliberation after juror Reisenauer disagreed with the verdict.

■ In view of this holding, it is not necessary to discuss the other issues which Miss Stradinger has raised, as they are not likely to arise on a retrial. This court has repeatedly held that it need not discuss any point, the decision of which is not necessary to a disposition of the case. Kirkham,

Michael & Associates v. City of Minot, 122 N.W.2d 862 (N.D.1963). See also: Inches v. Butcher, 104 N.W.2d 556 (N.D.1960); In re Novak's Estate, 73 N.D. 41, 11 N.W. 2d 64.

The order of the District Court denying a new trial is reversed, and a new trial granted.

STRUTZ and KNUDSON, JJ., concur.

KNUDSON, J., did not hear the argument in this case but participated in the decision on the briefs.

TEIGEN, Judge (dissenting).

I dissent. The colloquy between Juror Reisenauer and the court, set forth in the majority opinion, makes it crystal clear that the juror was in complete agreement with the verdict tendered if the jury was required to find gross negligence to establish liability. There were two actions consolidated for the purpose of trial. They were brought by two guest passengers in an automobile against their host for personal injuries sustained as a result of an accident. A verdict of dismissal was returned in each case. The court instructed the jury that to find the defendant liable in either of these cases, the jury must find that the defendant was grossly negligent. This is required by our law. The dissenting juror clearly stated that if it was necessary to find gross negligence "we just couldn't find anything that would come under gross negligence." He indicated a desire to find liability on "just negligence." Therefore, his dissent, if any, was with the law and not the verdicts tendered under the law as given them by the court.

It is the duty of the court to determine the law and to instruct the jury as to the law to be applied. The function of the jury is to find the facts and apply the law as given it by the court. There was no reason for the court to send the jury back to

the jury room for further deliberation. It is clear all jurors agreed to the verdicts tendered and accepted by the court. It was a unanimous verdict.

BURKE, C. J., concurs in Judge Teigen's dissent.