Foster FELCHLE, individually and as Special Administrator of the Estate of Fred H. Felchle, deceased, and Charlene Koble, Plaintiffs and Appellants,

v.

MEDINA CHEESE CO., BMJ Trucking, and Larry W. Christmas, Defendants and Appellees.

Civ. No. 10238.

Supreme Court of North Dakota.

Feb. 10, 1983.

Sperry & Erickson, Bismarck, for plaintiffs and appellants; argued by Alan Erickson, Bismarck.

Fleck, Mather, Strutz & Mayer, Bismarck, for defendants and appellees; appearance by Steven A. Storslee, Bismarck.

Richard B. Baer, Baer & Asbridge, Bismarck, amicus curiae; argued by Richard B. Baer.

ERICKSTAD, Chief Justice.

The facts in this case are not in dispute and thus can be briefly summarized. On June 15, 1981, a two-vehicle automobile accident occurred in which Fred H. Felchle was killed. Fred Felchle was a passenger in the car driven by Hilda Felchle. The other vehicle involved in the collision was driven by the defendant, Larry W. Christmas, allegedly an employee of co-defendants Medina Cheese Company and B.M.J. Trucking.

Foster Felchle and Charlene Koble, both children of Fred Felchle, brought a wrongful death action against the defendants on March 5, 1982. Hilda Felchle, Fred Felchle's wife, also instituted a wrongful death action against the defendants on March 23, 1982.

Confronted with two wrongful death actions arising from the same incident, the defendants filed a motion for judgment on the pleadings in both cases. Subsequent thereto, the District Court of Burleigh County dismissed Foster Felchle and Charlene Koble's action for the wrongful death of Fred Felchle. As a result, Foster Felchle and Charlene Koble, are now appealing from the judgment of dismissal dated May 19, 1982, and from the order for judgment. We reverse and remand.

Section 32–21–03 of the North Dakota Century Code clearly delineates who has priority with regard to bringing a wrongful death action.

> "32–21–03.—*Who may bring action.*—The action shall be brought by the following persons in the order named:
> 1. The surviving husband or wife, if any.
> 2. The surviving children, if any.
> 3. The surviving mother or father.
> 4. The personal representative.
> If any person entitled to bring the action refuses or neglects so to do for a period of thirty days after demand of the person next in order, such person may bring the same."

On appeal, the plaintiffs contend that Foster served Hilda with a demand for suit, dated December 5, 1981, in accordance with the dictates of Section 32–21–03, N.D.C.C. The plaintiffs further contend that Hilda failed to bring an action within the statutorily mandated time period (30 days) and, consequently, they are entitled to pursue such action.

However, as an amicus curiae to the case at bar, Hilda alleges that subsequent to Foster's demand, all the parties attempted to settle the wrongful death claim. Therefore, she is not guilty of refusing or neglecting to bring an action for the wrongful death of Fred Felchle.

 The crucial issue presented by this factual situation is:

> Whether or not evidence of settlement negotiations proves that the party entitled to bring the wrongful death action has neither neglected nor refused to do so for a period of thirty days subsequent to being served with a demand for suit by the person next in order.

Generally, we encourage parties to settle their claims out of court. Hence, we con-

clude that evidence of "efforts to negotiate in good faith over a reasonable period of time" proves that a party did not neglect or refuse to pursue a wrongful death action and, consequently, running of the statutory thirty-day time limitation would be tolled.

In the case at bar, the court dismissed the plaintiffs' wrongful death action on the pleadings by making the following factual determination: "... the court finds that during the period of time in which Mr. Felchle's demand pursuant to the statute had been served on Hilda Felchle, it was well known to all of the parties that the surviving spouse was pursuing, actively, negotiations at attempted settlement of the wrongful death claim. Therefore, the court finds that Hilda Felchle has the right to bring the wrongful death action for the death of her husband, Fred Felchle."

Under Rule 12(c), of the North Dakota Rules of Civil Procedure, "... If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 ...." In this instance, the pleadings did not allege settlement negotiations and there is no evidence of such negotiations in the record currently before the court. Hence, we conclude that the trial court acted improperly by dismissing the plaintiffs' action with a judgment on the pleadings pursuant to Rule 12, N.D.R.Civ.P. Accordingly, we reverse and remand for proper proceedings.[1]

VANDE WALLE, PEDERSON, PAULSON and SAND, JJ., concur.

---

1. On remand, it is possible that the proceedings could be carried out pursuant to Rule 56(e), N.D.R.Civ.P. Nevertheless, if there is a dispute with regard to whether or not settlement negotiations actually occurred, a trial would be necessary. The plaintiffs have filed a motion requesting a trial by jury upon remand. However, inasmuch as this issue was never presented to the district court, we decline to address it at this time, for to do so would be tantamount to rendering an impermissible advisory opinion. *In re Novak's Estate,* 73 N.D. 41, 11 N.W.2d 64 (1943).