Foster FELCHLE, on his own behalf, and on behalf of all surviving children of Fred H. Felchle, deceased, Plaintiff and Appellant,

v.

Hilda FELCHLE, Defendant and Appellee.

Hilda G. FELCHLE, Plaintiff,

v.

MEDINA CHEESE CO., BMJ Trucking, and Larry W. Christmas, Defendants.

Hilda G. FELCHLE, Plaintiff,

v.

MEDINA CHEESE CO., BMJ Trucking and Larry W. Christmas, Defendants.

Civ. No. 10583.

Supreme Court of North Dakota.

July 18, 1984.

As Amended Aug. 10, 1984.

Sperry & Erickson, Bismarck, for plaintiff and appellant; argued by Alan C. Erickson, Bismarck.

Baer & Asbridge, Bismarck, for defendant and appellee; argued by Richard B. Baer, Bismarck.

Fleck, Mather, Strutz & Mayer, Bismarck, for plaintiff Hilda G. Felchle; no appearance.

Pearce, Anderson & Durick, Bismarck, for defendants Medina Cheese Co., BMJ Trucking and Larry W. Christmas; no appearance.

PEDERSON, Justice.

The appeal before us is a procedural morass. The controversy stems from a 1981 automobile accident in which Fred H. Felchle, a passenger in a car driven by his wife Hilda Felchle, was killed. Hilda and six adult children survived Fred. A dispute arose over who was the proper party to bring a wrongful death action, Hilda or Foster and Charlene, two of Fred's children. In *Felchle v. Medina Cheese Co.*, 329 N.W.2d 619 (N.D.1983), we concluded that Hilda was not guilty of refusing or neglecting to bring an action for the wrongful death of Fred, giving her priority to bring the action pursuant to § 32–21–03 of the North Dakota Century Code. Because there was no evidence of settlement negotiations in the record, however, we held that the trial court had improperly dismissed Foster's wrongful death action on the pleadings and remanded for proper proceedings.

On remand, the parties stipulated that Hilda was the proper party plaintiff to bring the wrongful death action. Before trial Hilda settled the wrongful death action, as well as her own personal injury action. The defendants agreed on a lump sum without allocating specific amounts to personal injury or wrongful death. The

trial court then held a hearing to determine distribution of the settlement proceeds. Apparently a total of $215,000.00 was available. Based on the evidence and testimony presented, the court concluded that $170,000.00 of that amount was for Hilda's personal injury action and $45,000.00 could be distributed pursuant to § 32–21–04, NDCC. The court further determined that Hilda's wrongful death recovery was $40,000.00, that Foster's recovery was $5,000.00, and that the remaining adult non-dependent children had not proved any damages.

Although it is difficult to ascertain precisely what Foster appeals from, he seems to be appealing the division of the settlement proceeds, which never appeared in the form of a judgment. Following oral argument the parties filed a Motion and Stipulation for Amended Judgment in this court. We remanded the case for the limited purpose of allowing Foster to make a motion for relief from order or judgment under Rule 60(b), NDRCivP. The trial court granted the motion and an amended judgment was entered setting forth the earlier distribution provisions and dismissing all actions against the defendants with prejudice. The case is now back in this court for a determination on the merits.

Although the parties raised numerous issues on appeal and cited many cases relative to damages awarded in various wrongful death actions, the dispositive issue is whether or not the trial court's findings of fact and the consequent distribution of settlement proceeds is clearly erroneous. Rule 52(a), NDRCivP.

As we have often stated before, the evidence must be viewed in the light most favorable to the findings and a finding is not clearly erroneous merely because we might have reached a different result. *Leno v. Ehli*, 339 N.W.2d 92, 96–97 (N.D. 1983). From our review of the record in this case we are not left with a definite and firm conviction that a mistake has been made.

The amended judgment is affirmed.

ERICKSTAD, C.J., and GIERKE, SAND and VANDE WALLE, JJ., concur.