Russell WALCH, Plaintiff and Appellee,

v.

Gerald JACOBSON, Defendant and Appellant.

Civ. No. 10743.

Supreme Court of North Dakota.

Feb. 5, 1985.

William G. Goetz, Hettinger, for plaintiff and appellee.

Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for defendant and appellant; argued by Steven L. Latham, Bismarck.

PEDERSON, Surrogate Justice.

Gerald Jacobson appealed from a judgment for $6,171.17 entered in favor of Russell Walch in an action involving an oral agreement. We affirm.

In 1979, Walch, who operated a trucking business, and Jacobson, who was employed by Walch as a driver, orally agreed to enter into an arrangement under which Jacobson would acquire a truck owned by Walch and pull a trailer owned by Walch. Walch was to line up the loads for Jacobson to haul, deduct trailer rent of 12% of the gross income, deduct expenses, and pay the remainder to Jacobson.

Pursuant to their agreement, Walch sold the truck to a leasing company and leased it back for a term extending from January 28, 1980, to January 28, 1985. The rental fee was $1,052.42 per month. The lessee was to bear all expenses, including insurance, registration fees, taxes, repairs, and tires. Although Walch executed the lease as the lessee and Jacobson executed a personal guaranty of performance of the lease, it was understood between the parties that Jacobson was to perform under the lease and would own the truck at the end of the lease.

Walch and Jacobson began operating pursuant to their oral agreement in December 1979. In 1981, Larry Hehn drove Jacobson's truck much of the time and Walch paid his wages out of the income generated by that truck. Jacobson was driving other trucks owned by Walch much of the time in 1981 and was paid wages by Walch.

Jacobson stopped driving the truck when he "found out that there was no money in it" and "went to look for something better to do." Walch began treating the leased truck as his own approximately January 1, 1982.

Walch brought suit to recover $7,220.69 allegedly due him from Jacobson. The trial court granted judgment for Walch in the amount of $6,140.37 plus costs and disbursements and Jacobson appealed.

The only issue raised in this appeal is whether or not the trial court's findings of fact are clearly erroneous under Rule 52, NDRCivP. We conclude that they are not.

The trial court made the following pertinent findings:

"III

"During the period of January, 1981 through September, 1981, Jacobson's truck grossed a total amount of $65,-839.73; that during the same period Walch charged against Jacobson the amount of $7,900.77 trailer rental (12% of $65,839.73).

"IV

"During the period of October, 1981 through December, 1981, Jacobson's truck grossed a total amount of $31,030.95; that during the same period Walch charged Jacobson the amount of $7,757.51 trailer rental (25% of $31,030.95); that during the entire year period Walch charged Jacobson a total of $15,658.51 for trailer rental.

"V

"That during the period January through December, Walch paid a total of $94,523.04 expenses incurred on Jacobson's vehicle, which included the trailer rental of $15,658.51; it also included payments for insurance and the lease payment on the vehicle in the amount of $7,629.14.

"VI

"That during the time the contract was in force Walch paid to Jacobson or paid on his behalf a total of $15,681.18 of which $3,158.90 was due Jacobson for regular wages during the period when Jacobson drove one of Walch's units and not his own.

"VII

"That during the period of time Walch paid to Jacobson the amount of $12,522.28 on Jacobson's net out of the gross proceeds after payment of expenses, which resulted in an over-payment to Jacobson in the amount of $2,346.78, the net amount then established by Walch as owing him by Jacobson in the amount of $10,175.50 (Walch had prayed for the amount of $7,220.69 in his complaint, but the evidence introduced establishes the larger amount)."

Walch raised the trailer rent from 12% to 25% of the gross income in the last three months of 1981. In its conclusions of law, the trial court determined that Walch was not entitled to raise the rent and found that Walch had thereby overcharged Jacobson in the amount of $4,034.13 for trailer rental.

Jacobson notes in his brief that the trial court found "that the gross income generated by the truck in 1981 was $96,843.68 and that the expenses chargeable to the truck in 1981 were $94,523.04." He asserts that "there was absolutely no evidence introduced by which the court could arrive at those figures." We disagree.

The evidence introduced at trial included a summary of checks drawn on Walch's "trailer account" by drivers of Jacobson's truck to pay for expenses incurred while on the road, notations of income generated by Jacobson's truck and Walch's trailer, computations of the trailer rent, and notations of expenses (in addition to those incurred by drivers while on the road) for such things as driver wages, insurance premiums, and lease payments that Jacobson was supposed to pay, but did not. In our view, the evidence amply supports the trial court's findings.

Merely because the evidence might also support other findings or we might have made different findings had we tried the case does not render the trial court's findings clearly erroneous. *Felchle v. Felchle*, 351 N.W.2d 447 (N.D.1984). We have examined the record and have not been left with a definite and firm conviction that a mistake has been made. The trial court's findings of fact are, therefore, not clearly erroneous.

Judgment affirmed.

ERICKSTAD, C.J., GIERKE and VANDE WALLE, JJ., and BACKES, District Judge, concur.

BACKES, District Judge, participated.

PEDERSON, Surrogate Justice, participated in this case by assignment pursuant to § 27–17–03, NDCC.