**David A. OVERBOE, Plaintiff and Appellant,**

v.

**Gerald SJOLIN, Defendant and Appellee.**

**Civ. No. 10815.**

Supreme Court of North Dakota.

April 17, 1985.

David A. Overboe, West Fargo, for plaintiff and appellant.

Gunhus, Grinnell, Klinger, Swenson & Guy, Moorhead, Minn., for defendant and appellee; argued by Edward F. Klinger, Moorhead, Minn.

MESCHKE, Justice.

David A. Overboe appeals from a judgment which awarded him only $500 in damages against Gerald Sjolin for the negligent burning of part of the corn stover on a field farmed by Overboe. Overboe contends that the findings of the trial court on damages were clearly erroneous. We affirm.

After a late harvest of the quarter of land in Richland County in 1982, the corn stover, or stubble, was left uncultivated. On May 3, 1983, a fire started by Sjolin on neighboring land spread to Overboe's quarter and rapidly burned about 70 acres of stover. A few days later, Overboe shallow plowed the entire field, fertilizing and planting corn on about 60 acres, while leaving the rest of the acreage unplanted for conservation purposes. About 55 acres of the 60 acres planted was on "burned" area.

Overboe testified that during combining in the fall of 1983, he observed a distinctly lower quality of corn growing on the burned portion. While combining, he left

sample strips, one of six corn rows about 495 feet long on the burned area and another of six corn rows about 503 feet long on the unburned area, which were later separately harvested and marketed. The samples indicated that production from the unburned area was 149 bushels per acre, while production from the burned area was 44 bushels per acre.

Overboe sued Sjolin for $23,933 in damages computed by multiplying a claimed loss of 105 bushels per acre for the entire 70 acres which were burned, at a price of $3.25 per bushel. At trial, Sjolin admitted liability for negligently causing the fire, but hotly contested any substantial damages. Sjolin made an offer of judgment to Overboe in the amount of $1,040 prior to trial under Rule 68(a), N.D.R.Civ.P.

Dr. Richardson, a soil scientist and associate professor at North Dakota State University, testified as an expert for Overboe about soil genesis, water repellency, absorbency capability, reclamation, and soil development, but his testimony did not quantify the effect that the burning may have had on the tract.

Dr. Dahnke, a soil science professor at North Dakota State University, testified as an expert for Sjolin. He minimized any loss of moisture from the burned area as "insignificant" and further opined:

"Generally, the evidence is that after a lot of fresh organic matter or stubble is burned on a field, yields are usually increased after that due to the fact that the microorganisms in the soil that break down the organic matter need extra nitrogen, so if this stover is removed—or as it was in this case, part of it was burned—that means that there would be nitrogen available for the crop following this burn.

Therefore, I would say that there would be no chance that the yield would have been less on the burned part as compared to the nonburned due to a lack of nitrogen and other nutrients that are in plants. They are made more available after a burn, so the burned area would

have a higher supply of the other nutrients, also, after the burn."

The trial court essentially adopted the view of Sjolin's expert, Dr. Dahnke, in making the following findings:

"The burning of the field in this particular case had little effect on the productivity of the land. Burning can reduce the ability of land to absorb moisture but this presents no problem where, as in this case, the land was plowed a few days after the fire. Burning can also cause nitrogen in the stubble to vaporize so that it is not available as a nutrient but the addition of nitrogen by Overboe after the fire adequately replaced any loss that might have occurred because of the fire and, in any event, the loss of nitrogen caused by burning corn stubble would not be substantial. Burning can actually increase the nutrients available to a crop because no nitrogen is needed by microorganisms to break down the corn stubble but its use is discouraged over a period of time because burning will result in a loss of organic material. Moisture in the stubble and on the surface of the ground would also have a tendency to vaporize but not in such an amount as would cause any significant decrease in productivity. Fire would cause some loss of organic material but such a loss would not be substantial."

Also, following testimony by Dr. Dahnke, the trial court found that the procedure used to take the samples was not reliable, because the sample from the burned area was on a higher and dryer part of the field than the sample from the unburned area and neither sample was representative of its part of the field. The trial court also found that the summer of 1983 was very dry.

The trial court concluded that Overboe suffered no substantial loss as a result of the fire and awarded him damages of only $500, which upon entry of judgment were offset by costs incurred by Sjolin after the tender of judgment, under Rule 68(a), N.D. R.Civ.P.

The sole issue presented on this appeal is whether the trial court's findings on dam-

ages were clearly erroneous in any material respect. Giving due regard to the opportunity of the trial court to judge the credibility of the witnesses, as Rule 52(a), N.D. R.Civ.P., requires, we conclude that the evidence amply supports the trial court's findings. *Walch v. Jacobson*, 361 N.W.2d 617 (N.D.1985). The trial court's findings of fact are, therefore, not clearly erroneous.

Judgment affirmed.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.